WILLIAM HARDEMAN AND D. HARDEMAN, PLAINTIFFS IN ERROR, *v.* EDWARD ANDERSON, DEFENDANT.

After a case has been docketed and dismissed under the forty-third rule of court, and the plaintiff in error sues out another writ of error, this court will, when the case appears to require it, order a supersedeas to stay all proceedings pending the second writ of error.

The supersedeas is issued under the fourteenth section of the act of the 24th of September, 1783.

THIS was a writ of error from the Circuit Court of the United States for the Southern District of Mississippi.

At the preceding term of this court, namely, on the 28th of February., 1845, *Mr. Howard*, on behalf of the defendant in error, moved for leave to file a certificate that a writ of error had been sued out, and for an order to docket and dismiss the case under the forty-third rule of court.

This order was accordingly passed, and at the close of the term, no record having been filed by the plaintiffs in error, the case was dismissed.

At the present term, *Mr. Crittenden*, counsel for the plaintiffs in error, filed the following affidavit, namely : —

" UNITED STATES OF AMERICA, *Southern District of Mississippi.*

" This day William Hardeman personally appeared before me, commissioner, &c., for taking affidavits in civil cases, &c., and made oath, that some time during the last summer, and many months

previous to the session of the present term of the Supreme Court of the United States, he applied to the clerk of the Circuit Court of the United States for the Southern District of Mississippi, to know what he should do in relation to the record in the case of Edward Anderson against the said Hardeman and others, on a writ of error from said Circuit Court; and the said clerk then told this affiant that he would prepare and send up to the Supreme Court of the United States the transcript of the record in said cause, and that all affiant would have to do would be to procure sureties for costs of suit in the Supreme Court. Trusting to this, and fully believing that said transcript would be duly sent up by the clerk to the Supreme Court, this affiant applied to Daniel W. Dickenson, a member of Congress, and amply solvent, to become his surety for the costs of the Supreme Court, which he promised to do. The said Dickenson was taken sick, and, as he informed affiant, had written to Joseph H. Peyton and Mr. Rayner, members of Congress, to become the sureties for costs. Affiant has been informed this day for the first time, by his counsel in the Circuit Court, that the transcript of said record had not been forwarded by the clerk as aforesaid. Affiant sends the same accompanying this affidavit, and prays that said record be filed and the case docketed, and if said suit be dismissed, that the same be set aside, the record filed, and the case docketed.　　　　WILL. HARDEMAN."

" Sworn to and subscribed before me on the 26th day of February, A. D. 1845.　　　THOS. SHACKELFORD,
　　　*United States Commissioner of Affidavits, &c.,*
　　　*for the Southern District of Mississippi.*"

*Mr. Crittenden* thereupon submitted the following motion, viz. : —

" Hardeman et al. *v.* Anderson.
　" This case was depending before this court at its last term, upon writ of error operating as a supersedeas, and was then dismissed because the record was not filed. The cause of the failure to file is acounted for and explained in the affidavit now submitted to the court. The affidavit was received here within a few days after the close of the last term, and too late, of course, to make the intended motion to set aside the dismission. Since then, the plaintiffs have sued out another writ of error, and executed another bond, &c., but this not operating, *per se*, as a supersedeas, the plaintiffs are exposed to execution on the judgment below ; they therefore move the court for a supersedeas," &c.

This motion was sustained by *Mr. Crittenden*, who contended that the plaintiffs in error had used all reasonable exertion to have the record brought up in time, and referred to the case of Stockton et al. *v.* Bishop, 2 Howard, 74

*Mr. Howard* opposed the motion. It did not appear that all reasonable exertion had been used by the party. The judgment appealed from was given in May, 1840, and the case was not docketed and dismissed until February, 1845. In the mean time, the plaintiff in error appears to have relied upon the clerk of the court below to send the record up. The effort to obtain security for costs was very faint. If such reasons are allowed to be sufficient to reinstate a case after dismissal under the rule, the rule itself may as well be abolished. Certainly, a court which passes a rule has power to relax it, whenever a proper occasion shall offer. But this motion does not apply to a case which has been dismissed. It is not to reinstate that case, but it is to call forth the power of the court in another case, upon another writ of error. The act of Congress divides appeals into two classes, giving to them very different rights. Where the party is diligent, and prosecutes his writ of error without delay, the law gives a supersedeas. But if he is dilatory, the law is reluctant to deprive him of the benefit of an appeal, but subjects him to the risk of an execution. Thus the rights of creditor and debtor are both protected. But in order to prevent a vexatious and lingering suit, and to supply an omission in the act, a rule of court compels the appellant to prosecute his suit under the penalty of dismissal by an application from the appellee. The appellant has his choice, either to prosecute his appeal with or without the benefit of a supersedeas, and the act of Congress has made a clear distinction between these two modes. But the present motion is to take a case out of one of these classes, and put it in the other.

The case of Stockton *v.* Bishop does not apply, because every step required by the act of Congress was taken in that case ; and this court not only can, but ought to, protect cases which are in regular progress towards it, according to all the forms of law.

Mr. Justice McLEAN delivered the opinion of the court, directing the following order to be passed.

## WM. AND D. HARDEMAN AND WM. P. PERKINS, PLAINTIFFS IN ERROR, *v.* EDWARD ANDERSON.

On consideration of the motion made in this cause on a prior day of the present term of this court, to wit, on Friday the 9th instant, by *Mr. Crittenden*, of counsel for the plaintiffs in error, for a writ of supersedeas to stay execution on the judgment below in this cause, and of the arguments of counsel thereupon had, as well against as in support of the motion, it is the opinion of this court that a supersedeas should be allowed, under the general powers conferred upon this court by the fourteenth section of the act of the 24th of September, 1789, leaving the question, whether a writ of error will lie to the judgment in this case, an open one. Where-

upon it is now here considered and ordered by this court, that a writ of supersedeas be and the same is hereby awarded, commanding the judges of the Circuit Court of the United States for the Southern District of Mississippi to stay any execution or proceedings on the judgment of the said Circuit Court in this case pending this writ of error, and also command the marshal of the United States for the said district that from every and all proceedings on execution or in any wise molesting the said plaintiffs in error on account of the said judgment, he entirely surcease, the same being superseded.

　　*26th January,* 1846.

*Supersedeas.*

United States of America, *sct.*:

　　The President of the United States of America to the Honorable the Judges of the Circuit Court of the United [SEAL.] States for the Southern District of Mississippi, and to the Marshal of the United States for the said District, Greeting :

　　Whereas, lately, in the said Circuit Court before you, the said judges, or some of you, in a cause lately pending in said court between Edward Anderson, plaintiff, and William Hardeman and D. Hardeman, defendants, a judgment was rendered by the said Circuit Court, at the May term, 1839, of said court, in favor of the said plaintiff, and against the said defendants, for the sum of $8,293·45, with interest thereon at the rate of eight per centum per annum, together with costs and charges of suit, on which judgment an execution of *fieri facias* issued, and was levied by the marshal of said district on certain property of said defendants, which property was left in the hands of the defendants upon their executing a forthcoming bond, with one W. P. Perkins as security, and which forthcoming bond was returned by the said marshal to the said Circuit Court at the next November term thereof, A. D. 1839, "Forfeited," having thereby, according to the laws of Mississippi, the force and effect of a judgment against the said defendants and the said security for the aforesaid debt, interest, and costs, and upon which last-mentioned judgment an execution of *fieri facias* was issued against the goods and chattels, lands and tenements, of the said William Hardeman, D. Hardeman, and W. P. Perkins, for the amount of the said judgment, interest, and costs, as aforesaid, as also for the sum of $133·81 additional costs subsequently accruing ; upon which execution, the aforesaid marshal returned that he had received thereon " $9,125 in Union money, or post notes of the Union Bank," which said return of the marshal last aforesaid the said Circuit Court, at a subsequent term, to wit, on the 20th of May, A. D. 1840, set aside, and awarded an *alias fieri facias* on the judgment last aforesaid. Whereupon, the said Wm. Harde-

man, D. Hardeman, and W.. P. Perkins sued out 'a writ of error in due form of law and in proper time, and filed their bond in error, with sufficient security approved by one of the judges of the said Circuit Court, so as to operate *per se* as a supersedeas, and which said writ of error was abated and quashed by the order of this court on the 28th day of February, A. D. 1845, by virtue of the forty-third rule of court, in consequence of the failure of the aforesaid plaintiffs in error to file a transcript of the record of the case with the clerk of this court, and to have their case docketed, in compliance with the rules of court. Whereupon, the aforesaid plaintiffs in error sued out another writ of error in due form of law, filed their bond in error in a sum double the amount of the aforesaid judgment, with sufficient security approved by one of the judges of the aforesaid Circuit Court, and a citation having been regularly taken out, served upon the defendant in error, and duly returned, as by the inspection of the transcript of the record of the said Circuit Court, which was brought into the Supreme Court of the United States by virtue of said writ of error, agreeably to the act of Congress in such case made and provided, fully and at large appears. And whereas, in the present term of December, in the year of our Lord eighteen hundred and forty-five, it is made to appear, on affidavit to the said Supreme Court of the United States, that the failure of the aforesaid plaintiffs in error to file the transcript of the record and docket the writ of error first aforesaid mentioned, and which operated, *per se*, as a supersedeas, was not owing to any neglect or fault on their part, but wholly attributable to the neglect of the clerk of the said Circuit Court to make out in due time, and as requested by the said plaintiffs in error, a transcript of the record, as alleged in said affidavit, and that in consequence thereof they are exposed to an execution on the aforesaid judgment. It is thereupon now here ordered by this court, that a writ of supersedeas be, and the same is, hereby awarded, to be directed to the aforesaid marshal, commanding and enjoining him and his deputies to stay any and all proceedings upon any execution which may have been issued on the aforesaid judgment of the said Circuit Court in said case, and which has or may come to his hands, and that he return any such execution with the writ of supersedeas to the said Circuit Court, and that the judges of the said Circuit Court cause any such writ of execution to be stayed, and to stay any execution or further proceedings of every kind and character on the judgment of the said Circuit Court in this case, pending the aforesaid writ of error in this court.

You, therefore, the Marshal of the United States for the Southern District of Mississippi, are hereby commanded, that from every and all proceedings on any execution on the aforesaid judgment, or in any wise molesting the said defendants on the account aforesaid, you entirely surcease, as being superseded, and that you

do forthwith return any such execution in your hands, together with this supersedeas, to the said Circuit Court, as you will answer the contrary at your peril. And you, the judges of the said Circuit Court, are hereby commanded to stay any execution which may have issued as aforesaid, and to stay any execution or further proceedings on the aforesaid judgment of the said Circuit Court in this case, pending the writ of error last aforesaid in this court.

> Witness the Honorable ROGER B. TANEY, Chief Justice of said Supreme Court, this 27th day of January, in the year of our Lord one thousand eight hundred and forty-six.

> WM. THOS. CARROLL,
> *Clerk of the Supreme Court of the United States.*