## GUNN v. BLACK et al.

### (Circuit Court of Appeals, Eighth Circuit. January 29, 1894.)

### No. 347.

CIRCUIT COURT OF APPEALS—APPELLATE JURISDICTION.

An order made for the purpose of executing a decree, after an appeal from such decree has been perfected, but reserving final action until a commissioner should report his proceedings to the court at a subsequent term, is not subject to review on appeal.

Appeal from the Circuit Court of the United States for the Eastern District of Arkansas.

George Gillham, for appellant.

John J. Hornor and M. L. Stephenson, (Jacob Trieber, on the brief,) for appellees.

Before SANBORN, Circuit Judge, and THAYER, District Judge.

SANBORN, Circuit Judge. For convenience, the appellant is termed the complainant, and the appellees the defendants, here, as in the preceding opinion in cases No. 277 and No. 278, between the same parties. 60 Fed. 151.

After both the complainant and the defendants had appealed to this court from the decree made December 14, 1892, (the appeals from which decree have just been decided,) and after the complainant had given an appeal bond, which had been approved by the court, and which operated as a supersedeas per se, the circuit court, on the motion of the defendants, made an order for the purpose of executing the decree below, to the effect that unless the complainant should select by May 1, 1893, from certain lands allotted to the defendants, those which he would accept, at their appraised value, in satisfaction of the amount of money decreed to be due to him from the defendants, a commissioner appointed by the court should make the selection, should execute deeds of the lands selected to the parties in accordance with the order, and report his proceedings to the court at its next succeeding term. The appeal now before us is from this order.

The order was undoubtedly erroneous. Both parties had appealed from the decree. That decree was in the complainant's favor, so that it is difficult to see how the defendants could suffer any damages through the complainant's appeal. Moreover, his appeal bond, which was approved by the judge, was conditioned that he should prosecute his appeal to effect, and answer all damages and

costs if he failed to make good his plea; and a bond so conditioned, when the appeal is perfected in time, as this was, operates as a supersedeas per se, and suspends the power of the court below to proceed further in the case by executing its decree. Rev. St. §§ 1000, 1007, 1012; Supp. Rev. St. p. 904, § 11; Gay v. Parpart, 101 U. S. 391. Upon a proper application presenting these facts, a writ of supersedeas might have been issued by this court, staying the proceedings of the court below until the decision of the appeals from the decree. Supp. Rev. St. p. 904, § 11; Hardeman v. Anderson, 4 How. 640; Adams v. Law, 16 How. 144; Ex parte Milwaukee R. Co. 5 Wall. 189.

But the act establishing this court gives it no jurisdiction to review such an order as that now before us upon an appeal. That act provides "that the circuit courts of appeals established by this act shall exercise appellate jurisdiction to review by appeal or by writ of error final decision in the district court and the existing circuit courts in all cases other than those provided for in the preceding section of this act." 26 Stat. c. 517, § 6; Supp. Rev. St. p. 903, § 6.

Under this statute, a final judgment or decree which determines all the matters in controversy in the suit, or a judgment or decree that finally determines the rights of some of the parties to the litigation who are claimed to be separately, not jointly, liable with others against whom the litigation continues, (Hill v. Railroad Co., 140 U. S. 52, 11 Sup. Ct. 690,) or a decree which determines a collateral matter distinct from the general subject of litigation, and finally settles that controversy, (Central Trust Co. v. Grant Locomotive Works, 135 U. S. 207, 224, 10 Sup. Ct. 736,) is subject to review in this court by writ of error or appeal, (Forgay v. Conrad, 6 How. 201, 204; Bronson v. Railroad Co., 2 Black, 524, 529; Thomson v. Dear, 7 Wall. 342, 345; Trustees v. Greenough, 105 U. S. 527; Williams v. Morgan, 111 U. S. 684, 689, 4 Sup. Ct. 638; Central Trust Co. v. Hiawassee Co., 2 U. S. App. 1, 1 C. C. A. 116, 48 Fed. 850; Grant v. Railroad Co., 2 U. S. App. 182, 1 C. C. A. 681, 50 Fed. 795; Potter v. Beal, 5 U. S. App. 49, 2 C. C. A. 60, 50 Fed. 860.)

But with the exception of orders granting or continuing injunctions, this statute gives no jurisdiction to this court to review any order made in the progress of the case, before or after judgment or decree, which does not embody in itself a final decision of the substantial rights of some of the parties to the suit, or to the controversy it affects. McLish v. Roff, 141 U. S. 661, 665, 666, 12 Sup. Ct. 118; Railway Co. v. Roberts, 141 U. S. 690, 12 Sup. Ct. 123; Hohorst v. Packet Co., 148 U. S. 262, 13 Sup. Ct. 590.

The order here in question was certainly not a final decree. It was not based upon, and did not embody, any final decision of any of the rights of the parties to this suit. It expressly provided that the commissioner, after selecting the lands, and executing the deeds of them to the parties, should report his proceedings to the court at the succeeding term. This was an express reservation of final action until the report should be received. The order was a mere direction of the court concerning the method of executing its decree, —an order that would have been entirely within its discretion,

if the decree had not been superseded by the appeal. It was not subject to review by appeal in this court. Smith v. Trabue, 9 Pet. 4, 7; Callan v. May, 2 Black, 541; Barton v. Forsyth, 5 Wall. 191.

For want of jurisdiction in this court, this appeal is dismissed, with costs.