GLADYS BELLE OIL CO. et al. v. MACKEY et al.

(Circuit Court of Appeals, Eighth Circuit.   July 29, 1914.)

No. 4037.

APPEAL AND ERROR (§ 78*)—DECISIONS REVIEWABLE—"FINAL DECREE."

A decree of a District Court dismissing a cross-bill as to one issue raised thereby on demurrer, treated as a motion to dismiss, by one only of a number of defendants, but giving all defendants thereto leave to answer and retaining the case as to the cross-bill for further proceedings, is not a "final decree" from which an appeal by the cross-complainant will lie to the Circuit Court of Appeals.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 426, 434, 464–477, 480, 481; Dec. Dig. § 78.*

For other definitions, see Words and Phrases, vol. 3, pp. 2774–2798; vol. 8, p. 7663.

Finality of judgments and decrees for purpose of review, see notes to Brush Electric Co. v. Electric Imp. Co. of San Jose, 2 C. C. A. 379; Central Trust Co. of New York v. Madden, 17 C. C. A. 238; Prescott & A. C. Ry. Co. v. Atchison, T. & S. F. R. Co., 28 C. C. A. 482.]

Appeal from the District Court of the United States for the Eastern District of Oklahoma; Ralph E. Campbell, Judge.

Suit by the United States against Phillip Mackey, Mary Mackey, Lovely Mackey, for himself and as guardian of Phillip Mackey and Mary Mackey, minors, Cyrus S. Avery, the Waterside Oil & Gas Company, the Gypsy Oil Company, the Texas Company (sued as the Texas Pipe Line Company), the Gladys Belle Oil Company, Charles Stunkard, Walter Stunkard, the Pollard-Hagan Oil Company, and the State of Oklahoma.   From a decree (214 Fed. 137), sustaining in part a motion by defendant Pollard-Hagan Oil Company to dismiss their cross-bill, defendants Gladys Belle Oil Company, Gypsy Oil Company, Charles Stunkard, and Walter Stunkard appeal.   Appeal dismissed.

See, also, United States v. Mackey, 216 Fed. 126, 132 C. C. A. 370.

James B. Diggs, of Tulsa, Okl. (F. C. Proctor and D. Edward Greer, both of Beaumont, Tex., and Henry McGraw, of Tulsa, Okl., on the brief), for appellants Gladys Belle Oil Co., Gypsy Oil Co., Charles Stunkard, and Walter Stunkard.

John B. Campbell, of Muskogee, Okl. (Campbell & Beall, of Muskogee, Okl., on the brief), for appellees Cyrus S. Avery and the Waterside Oil & Gas Co.

Before SANBORN and CARLAND, Circuit Judges, and REED, District Judge.

CARLAND, Circuit Judge. The bill in this case was filed by the United States to quiet the title to a parcel of land in Tulsa county, Okl. Appellants, having been made defendants therein, filed an answer and also a cross-bill, making the United States and certain codefendants in the original suit, defendants therein.

The Pollard-Hagan Oil Company, Cyrus S. Avery, and the Waterside Oil & Gas Company demurred to the cross-bill. The United States answered the same. On July 19, 1913, the demurrers of Avery, and the Waterside Oil & Gas Company, having been brought on for hearing, were treated as motions to dismiss under the new equity rules and overruled. The demurrer of the Pollard-Hagan Oil Company, treated in the same way, was sustained "in so far as said cross-complaint claims and asserts any right, title, or interest in and to the land described therein which lies below the high-water mark in the Arkansas river," and the cross-complaint in the particular mentioned was dismissed. The Waterside Oil & Gas Company, Avery, and the Pollard-Hagan Oil Company, were given 15 days to answer the cross-bill. It was also provided in the decree appealed from:

"It further appearing to the court that there are certain answers, issues, and actions arising between and among the defendants herein of which the court has jurisdiction and which ought to be determined, and said cause is retained on the docket for such other and further orders, judgments, and decrees as may be found to be proper."

The proceedings in the court below, as above detailed, left the cross-bill pending with the right of the Pollard-Hagan Oil Company, Cyrus S. Avery, and the Waterside Oil & Gas Company to answer the cross-bill within 15 days; the United States having already answered the same. Appellants have appealed from so much of the decree of the court as dismissed a portion of their cross-bill. We think it clearly appears from the face of the record that we have no jurisdiction to hear the appeal, and, such being the case, it is our plain duty to notice our want of jurisdiction even though counsel for appellees make no objection upon this ground. The act of Congress creating this court (Act March 3, 1891, c. 517, 26 Stat. 826 [U. S. Comp. St. 1901, p. 547]) confers on it appellate jurisdiction to review, by appeal or writ of error, final decisions of the District Courts in the class of cases to which this appellate jurisdiction extends. The only exceptions to this rule are appeals relating to orders granting or continuing an injunction or appointing receivers. In Robinson v. Belt, 56 Fed. 328, 5 C. C. A. 521, this court said:

"A final judgment or decree, within the meaning of the act regulating appeals to this court, is one that terminates the litigation on the merits, so that in case of affirmance the court below will have nothing to do but to execute the judgment or decree it originally rendered. Bostwick v. Brinkerhoff, 106 U. S. 3, 1 Sup. Ct. 15 [27 L. Ed. 73]; Grant v. Insurance Co., 106 U. S. 429, 1 Sup. Ct. 414 [27 L. Ed. 237]; St. Louis, I. M. & S. R. Co. v. Southern Exp. Co., 108 U. S. 24, 2 Sup. Ct. Rep. 6 [27 L. Ed. 638]; Ex parte Norton, 108 U. S. 237, 2 Sup. Ct. Rep. 490 [27 L. Ed. 709]."

Counsel for appellants in their brief on the merits after stating the propositions of law involved say:

"If either of the above propositions be a correct statement of the law, applicable to this cause, it is evident that the trial court erred in sustaining the demurrer to the cross-bill in part, and such decree must be set aside, the demurrer overruled, and this cause remanded with directions to proceed with the further hearing thereof."

We think it clearly appears that the decision appealed from, so far as it relates to appellants, was not a final decision. The cross-bill itself was not dismissed. The decree only disposed of a part of the issues made therein, and these only in favor of one defendant. The defendants who demurred, including the Pollard-Hagan Oil Company, were given the right to answer the cross-bill within 15 days, and the court, as above stated, retained the case as to the cross-bill for further proceedings. See U. S. v. Phillip Mackey et al., 216 Fed. 126, 132 C. C. A. 370, just decided.

Appeal dismissed.