WUERPEL et al. v. CANAL-LOUISIANA BANK & TRUST CO. et al.

In re SMITH BROS. CO., Limited.

(Circuit Court of Appeals, Fifth Circuit. April 13, 1916.)

No. 2894.

BANKRUPTCY ⬤⟳455—APPEALABLE DECREE—PARTIAL DISPOSITION OF THE CASE.

Where a bill by trustees in bankruptcy to recover preferences contained five articles, the first two relating to a cash payment, the next two to a transfer of accounts, and the last being the prayer for relief, a decree dismissing the claim for the cash payment is not appealable, since it does not finally dispose of the whole case.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 916; Dec. Dig. ⬤⟳455.]

Appeal from the District Court of the United States for the Eastern District of Louisiana; Rufus E. Foster, Judge.

Suit by A. C. Wuerpel and others, as trustees of the Smith Bros. Company, Limited, bankrupt, against the Canal-Louisiana Bank &

⬤⟳For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Trust Company and others. From a decree dismissing complainants' claim for a part of the demand set forth in the bill, complainants appeal. Appeal dismissed.

Charlton R. Beattie, of New Orleans, La., for appellants.

William C. Dufour and H. Generes Dufour, both of New Orleans, La., for appellees.

Before PARDEE and WALKER, Circuit Judges, and MAXEY, District Judge.

PER CURIAM. The appellants, trustees of the bankrupt estate of Smith Bros. Company, Limited, brought their suit against the Canal-Louisiana Bank & Trust Company to set aside certain alleged preferences. The first article of the bill of complaint is as follows:

"And thereupon your orators complain and say that heretofore, that is, on June 25, 1913, being within four months before the filing of the petition against said Smith Bros. Company, Limited (hereinafter called 'said company'), which was adjudicated bankrupt on August 5, 1913, on a petition of creditors filed August 5, 1913, said company transferred certain of its property, to wit, fourteen thousand dollars ($14,000.00) in cash, to the said Canal-Louisiana Bank & Trust Company (hereinafter called 'said bank'), then an ordinary creditor of said company, in payment of a previously existing or antecedent debt, and that on June 25, 1913, when said transfer was made, said company was insolvent, and said transfer then operated as an illegal preference, under section 60 of the United States Bankrupt Act, as amended, and that the said bank, receiving said transfer, and which was benefited thereby, then and there, when receiving same, had reasonable cause to believe that the enforcement of said transfer would effect a preference, and would enable said bank to obtain a greater percentage of its debts than any other of the creditors of the same class of the said company."

In the second article is set forth the manner in which said preference was effected. In the third article of the bill complaint is made that on the same date, June 25, 1913, the defendants accepted from the bankrupt a preference by the transfer of a number of open accounts, warehouse receipts, etc., aggregating $20,000, in payment of an antecedent debt, and in the fourth the manner in which the alleged preference was effected; and in the concluding article appellants pray for a decree annulling and avoiding the aforesaid preferential payments and transfers, and ordering restoration, with interest from June 25, 1913, and for general relief.

A preliminary motion was made by the appellees to dismiss the whole bill, which was denied, and thereupon appellees answered, setting forth their whole defense to the suit, concluding with the prayer that the bill of complaint be dismissed. Thereafter the case was set down for hearing on the point of law raised in the defendants' answer as to sufficiency of articles I and II of complainants' bill, and thereupon the court entered a decree dismissing complainants' claim and demand for $14,000, as set out in articles I and II in complainants' bill of complaint. From this decree this appeal is prosecuted.

Appellees on motion ask this court to dismiss the appeal on the grounds: (1) The judgment or decree is not final, and therefore not appealable; and (2) that the case cannot be brought up on appeal by piecemeal—citing in support thereof the decisions of this court in

Menge v. Warriner, 120 Fed. 816, 57 C. C. A. 432; Cay v. Vereen, 144 Fed. 839, 75 C. C. A. 667; Hohorst v. Hamburg-American Packet Co., 148 U. S. 262, 13 Sup. Ct. 590, 37 L. Ed. 443; Ex parte National Enameling Co., 201 U. S. 156, 26 Sup. Ct. 404, 50 L. Ed. 707. Appellants cite no authorities to the contrary.

It is apparent that the decree appealed from does not dispose of the whole case, and it is at least doubtful whether the decree complained of is even final and conclusive in the court below, under the general rule that orders and decrees in chancery may be altered, revised, or revoked during the term at which they were passed, or while the cause remains open for further proceedings. The motion to dismiss must prevail.

The appeal is dismissed.