## UNITED STATES v. BIGHORN SHEEP CO. et al.

(Circuit Court of Appeals, Eighth Circuit. November 12, 1921.)

No. 5353.

1. **Appeal and error ⊙⟹76(1)—"Final decree," reviewable by appeal, defined.**

Under Judicial Code, § 128, as amended (Comp. St. § 1120), giving the Circuit Courts of Appeals jurisdiction to review final decisions of the District Courts, a decree is final when it terminates the litigation between the parties on the merits of the case, and leaves nothing to be done but to enforce by execution what has been determined.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Final Decree or Judgment.]

2. **Appeal and error ⊙⟹80(6)—Order dismissing one or more of several causes of action not appealable.**

An order of a District Court, dismissing one or more of several causes of action alleged in a bill, but leaving a cause or causes of action pending, is not a final decision between the parties, from which complainant may appeal.

Appeal from the District Court of the United States for the District of Wyoming; John A. Riner, Judge.

Suit in equity by the United States against the Bighorn Sheep Company and others. From an order of the District Court, the United States appeals. Appeal dismissed.

Charles L. Rigdon, U. S. Atty., and David J. Howell, Asst. U. S. Atty., both of Cheyenne, Wyo.

William A. Riner, of Cheyenne, Wyo., for appellees.

Before SANBORN and CARLAND, Circuit Judges, and MUNGER, District Judge.

MUNGER, District Judge. This appeal is prosecuted from an order sustaining a motion to dismiss portions of the plaintiff's bill. The object of the suit is the cancellation of a large number of patents to public lands, alleged to have been procured from the United States by fraud of the entrymen. It embraces 98 entries, made under the laws relating to the disposition of homesteads, desert lands, timber and stone, and isolated tracts. Each entry is separately described, and the facts relating to it are set out, with the object of making a case for cancellation of the particular patent covering it. The bill alleges that the several entries were not made in good faith, and that the several entrymen did not intend to comply with the requirements of the law, and that each entry was made for the benefit of and pursuant to an agreement with the present holder of the title, the Bighorn Sheep Company, or its predecessor in interest, that the title would be conveyed to it as soon as the patent was issued, and that it was so conveyed. Other averments are intended to allege notice of the inculpatory facts by the several defendants and to excuse the delay in commencing this suit.

The defendant corporation, who is alleged to be the present holder of the title, and other defendants, who are alleged to have made the

---

⊙⟹For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

immediate conveyance to it, filed motions to dismiss portions of the bill because they stated no ground for relief, because any cause of action stated therein was barred by the special statute of limitation applying to such suits, and because the plaintiff was guilty of inexcusable laches. The court sustained the motion as to the plaintiff's allegations relating to 34 of the 98 entries of land, and overruled it as to the allegations relating to the other entries. From this order this appeal was taken.

[1] Under the statutes conferring jurisdiction upon the courts of appeal of the United States, an appeal can only be taken from a final decree, unless the acts of Congress have made exceptions. A decree is final when it terminates the litigation between the parties on the merits of the case, and leaves nothing to be done but to enforce by execution what has been determined. St. L., I. M. & S. R. R. Co. v. Southern Express Co., 108 U. S. 24, 28, 2 Sup. Ct. 6, 27 L. Ed. 638; Bank of Rondout v. Smith, 156 U. S. 330, 333, 15 Sup. Ct. 358, 39 L. Ed. 441; Heike v. United States, 217 U. S. 423, 429, 30 Sup. Ct. 539, 54 L. Ed. 821; Carmichael v. City of Texarkana, 116 Fed. 845, 847, 54 C. C. A. 179, 58 L. R. A. 911.

[2] A dismissal of one of several causes of action, or of portions of a petition at law, or of a bill in equity, but leaving a cause of action pending, is not a final judgment between these parties, from which the plaintiff can appeal. Holcombe v. McKusick, 20 How. 552, 554; Ex parte National Enameling Co., 201 U. S. 156, 160, 26 Sup. Ct. 404, 50 L. Ed. 707; Marden v. Campbell Printing-Press & Mfg. Co., 67 Fed. 809, 812, 15 C. C. A. 26; Western Electric Co. v. Williams-Abbott Electric Co., 108 Fed. 952, 957, 48 C. C. A. 159; Sheppy v. Stevens, 200 Fed. 946, 948, 119 C. C. A. 330; Gladys Belle Oil Co. v. Mackey, 216 Fed. 129, 131, 132 C. C. A. 373; Wuerpel v. Canal-Louisiana Bank & Trust Co., 231 Fed. 934, 936, 146 C. C. A. 130; 3 Corp. Jur. 483, 502.

The order of the court disposed of only a part of the issues involved between the plaintiff and the defendants who made the motion of dismissal, leaving a suit pending between them for the cancellation to other entries, and therefore was not a final decree. The appeal must therefore be dismissed, as prematurely taken from this order of the court.