## UNITED STATES v. BROUDE et al.

(District Court, D. Minnesota. February 6, 1924.)

**1. Criminal law ☞1023(3)—Orders held interlocutory, and not "final decisions," reviewable by writ of error.**

Orders made in a criminal action, denying motions to quash the information, to quash a search warrant and suppress evidence obtained thereunder, and for return of property seized under the search warrant are all interlocutory, and are not "final decisions," reviewable on writ of error by the Circuit Court of Appeals, under Act March 3, 1891, § 6, while the action is still pending and undetermined.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Final Decision.]

**2. Criminal law ☞1149—Indictment and information ☞136—Ruling on motion to quash indictment or information not reviewable.**

A motion to quash an information or an indictment is addressed to the sound discretion of the court, and an order denying the same cannot be assigned as error.

Criminal prosecution by the United States against Samuel J. Broude and Isadore Broude. On petition of defendants for a writ of error to review orders. Denied.

A. J. Hertz and McMeekin, Quinn & Swan, all of St. Paul, Minn., for petitioners.

Lafayette French, Jr., U. S. Atty., of St. Paul, Minn.

McGEE, District Judge. On October 16, 1923, an information was filed against the defendants, Samuel J. and Isadore Broude, in which they were charged with three violations of the National Prohibition Act (Comp. St. Ann. Supp. 1923, § 10138¼ et seq.). The first count charged unlawful possession of intoxicating liquors by the defendants at their drug store, located at No. 2329 Hennepin avenue, in the city of Minneapolis, Minn., on May 26, 1923. The second and third counts charged sales of intoxicating liquor by the defendants at the same place on the 17th and 26th days of May, 1923.

On the day the information was filed, both defendants were arraigned and entered pleas of not guilty to the three counts. The defendant Samuel J. Broude, proceeding by motion entitled in the action, sought an order requiring the United States attorney, the United States marshal, the federal prohibition director for Minnesota, and the clerk of this court to return to him certain articles of property consisting of sixty-one pints of whisky, one gallon and six ounces of alcohol, two keys, and four prescription blanks, form 1403, alleged to have been taken from his possession by prohibition agents under the authority of a search warrant issued on May 26, 1923, pursuant to the provisions of the National Prohibition Act.

On November 12, 1923, with their pleas of not guilty to the three counts of the information on the record, and without any application to the court for leave to withdraw them for the purpose of moving to quash the information, the two defendants jointly, in a motion en-

titled in the action, moved "to quash the information heretofore filed in said action, charging and accusing the above-named defendants with unlawful possession and two sales of intoxicating liquor for. the following reasons." The reasons stated are fifteen in number, seven asserting the invalidity of the search warrant and of the proceedings had thereunder, the remaining eight attacking the sufficiency of the information as a pleading. Both motions were heard and denied on November 26, 1923.

The matter is now presented on a petition for a writ of error to review the orders of November 26, 1923. The petition is accompanied by an assignment of errors, three in number, as follows:

I. The court erred in overruling and denying the defendants' motion to require the United States district attorney, the marshal, clerk, and federal prohibition director, to return and redeliver to these defendants the money and property taken from them.

II. The court erred in overruling and denying the defendants' motion to quash the search warrant and suppress the information and evidence obtained thereby.

III. The court erred in overruling and denying the defendants' motion to quash the information in this cause.

[1] The questions presented are whether a writ of error will lie to review an order (a) denying a motion to quash an information; (b) denying a motion to quash a search warrant and suppress the evidence obtained thereunder; or (c) an order refusing to direct the return of property seized under a search warrant while the action in which the proceedings were had is pending and undetermined. The decision of the questions thus presented depends upon the construction and effect of section 6 of the Act of March 3, 1891, 26 Stat. p. 828, which so far as applicable here reads:

"That the Circuit Courts of Appeals established by this act shall exercise appellate jurisdiction to review by appeal or by writ of error final decision in the District Court ❊ ❊ ❊ in all cases other than those provided for in the preceding section of this act, unless otherwise provided by law."

The law on this subject has remained substantially unchanged since the enactment of the original Judiciary Act of 1789, 1 Stat. 84, 85. Rev. St. §§ 691 to 709; 26 Stat. pp. 826, 828, §§ 5–7. It has been uniformly held that an appeal or writ of error will only lie to review a final judgment, decree, or decision, with the exceptions found in section 7 of the Act of March 3, 1891, which allows an appeal to the Circuit Court of Appeals from an interlocutory order or decree granting or continuing an injunction, and the Act of June 6, 1900, 31 Stat. 660, c. 803, which allows an appeal from an interlocutory order appointing a receiver. Keystone Iron Co. v. Martin, 132 U. S. 91, 10 Sup. Ct. 32, 33 L. Ed. 275; Lodge v. Twell, 135 U. S. 232, 235, 10 Sup. Ct. 745, 34 L. Ed. 153; McLish v. Roff, 141 U. S. 661, 665, 12 Sup. Ct. 118, 35 L. Ed. 893; McGourkey v. Toledo & Ohio Railway, 146 U. S. 536, 13 Sup. Ct. 170, 36 L. Ed. 1079; Luxton v. North River Bridge Co., 147 U. S. 337, 341, 13 Sup. Ct. 356, 37 L. Ed. 194; La Bourgogne, 210 U. S. 95, 112, 113, 28 Sup. Ct. 664, 52 L. Ed. 973; Robinson v. Belt (C. C. A. 8) 56 Fed. 328, 5 C. C. A. 521; Riddle v. Hudgins (C. C. A. 8) 58 Fed. 490, 7 C. C. A. 335; Gunn v. Black (C. C. A. 8) 60 Fed. 159, 160, 8 C. C. A.

542; Hamner v. Scott (C. C. A. 8) 60 Fed. 343, 344, 8 C. C. A. 655; Gladys Belle Oil Co. v. Mackey (C. C. A. 8) 216 Fed. 129, 130, 132 C. C. A. 373; United States v. Big Horn Sheep Co. (C. C. A. 8) 276 Fed. 710, 711; Pierce v. National Bank of Commerce (C. C. A. 8) 282 Fed. 100, 103.

In the Act of March 3, 1891, the words "final decision" are substituted for the phrase "final judgments and decrees," found in earlier statutes; but it is settled that, while the words used are different, the two expressions mean the same thing. Harrington v. Holler, 111 U. S. 796, 797, 4 Sup. Ct. 697, 28 L. Ed. 602; Brush Electric Co. v. Electric Imp. Co. (C. C. A. 9) 51 Fed. 557, 561, 2 C. C. A. 373; Cassatt v. Mitchell Coal & Coke Co. (C. C. A. 3) 150 Fed. 32, 34, 81 C. C. A. 80, 10 L. R. A. (N. S.) 99.

In the fifth and sixth sections of the same act, providing that appeals may be taken from the District Court and Circuit Court of Appeals direct to the Supreme Court, the word "final" was omitted. It was contended that the omission enlarged the appellate jurisdiction of the Supreme Court under this act to include interlocutory orders, but that court held that its jurisdiction in such cases was limited to final judgments and decrees. Harrington v. Holler, 111 U. S. 796, 4 Sup. Ct. 697, 28 L. Ed. 602; Luxton v. North River Bridge Co., 147 U. S. 337, 37 L. Ed. 194; McLish v. Roff, 141 U. S. 661, 665, 12 Sup. Ct. 118, 35 L. Ed. 893; Union Mutual Life Ins. Co. v. Kirchoff, 160 U. S. 374, 16 Sup. Ct. 318, 40 L. Ed. 461.

The evident tendency of the appellate courts is to place a rather strict construction upon the statutory provisions dealing with their appellate jurisdiction. In McLish v. Roff, supra, it is said:

"In respect to appeals there is a difference in the practice of the English chancery courts, in which appeals may be taken from an interlocutory order of the Chancellor to the House of Lords, and the practice of the United States chancery courts, where the right of appeal is by statute restricted to final decrees, so that a case cannot be brought to this court in fragments. From the very foundation of our judicial system the object and policy of the acts of Congress in relation to appeals and writs of error * * * have been to save the expense and delays of repeated appeals in the same suit, and to have the whole case and every matter in controversy in it decided in a single appeal. Forgay v. Conrad, 6 How. 201, 204. The construction contended for would render the act under consideration inconsistent with this long-established object and policy. More than this, it would defeat the very object for which that act was passed."

In Luxton v. North River Bridge Co., 147 U. S. 337, 341, 13 Sup. Ct. 356, 358 (37 L. Ed. 194), it is said:

"The action of that court in this case, as in other cases on the common-law side, is not reviewable by this court by writ of certiorari (United States v. Young, 94 U. S. 258), but only by writ of error, which does not lie until after final judgment, disposing of the whole case, and adjudicating all the rights, whether of title or of damages, involved in the litigation. The case is not to be sent up in fragments by successive writs of error."

The cases on this subject are collected and reviewed at great length in Lodge v. Twell, 135 U. S. 232, 10 Sup. Ct. 745, 34 L. Ed. 153, and McGourkey v. Toledo & Ohio Central Railway Co., 146 U. S. 536, 13 Sup. Ct. 170, 36 L. Ed. 1079.

In the case of Gunn v. Black, supra, the order involved was one made for the purpose of executing a decree after an appeal from such decree had been perfected, but reserving final action until a commissioner should report his proceedings to the court at a subsequent term. In dismissing the appeal Judge Sanborn, speaking for the court, after quoting from section 6 of the Act of March 3, 1891, said:

"Under this statute, a final judgment or decree which determines all the matters in controversy in the suit, or a judgment or decree that finally determines the rights of some of the parties to the litigation who are claimed to be separately, not jointly, liable with others against whom the litigation continues (Hill v. Railroad Co., 140 U. S. 52, 11 Sup. Ct. 690), or a decree which determines a collateral matter distinct from the general subject of litigation, and finally settles that controversy (Central Trust Co. v. Grant Locomotive Works, 135 U. S. 207, 224, 10 Sup. Ct. 736), is subject to review in this court by writ of error or appeal [citing cases]. But with the exception of orders granting or continuing injunctions this statute gives no jurisdiction to this court to review any order made in the progress of the case, before or after judgment or decree, which does not embody in itself a final decision of the substantial rights of some of the parties to the suit, or to the controversy it affects. McLish v. Roff, 141 U. S. 661, 665, 666, 12 Sup. Ct. 118; Railway Co. v. Roberts, 141 U. S. 690, 12 Sup. Ct. 123; Hohorst v. Packet Co., 148 U. S. 262, 13 Sup. Ct. 590. The order here in question was certainly not a final decree. It was not based upon, and did not embody, any final decision of any of the rights of the parties to this suit."

Under the cases cited, the orders of November 26, 1923, are intermediate and interlocutory orders, and are not final decisions within the meaning of that term as used in section 6 of the Act of March 3, 1891, and therefore a writ of error will not lie to review them.

[2] The order denying petitioners' motion to quash the information can be disposed of on another ground. A motion to quash an information or an indictment, in addition to being interlocutory, is addressed to the sound discretion of the court, and for that reason an order denying the same cannot be assigned as error. In United States v. Rosenburgh, 7 Wall. 580, 583, 19 L. Ed. 263, it is said:

"The motion to quash, upon which the question now before us arose, was clearly determinable as a matter of discretion. It was preliminary in its character, and the denial of the motion could not * * * decide any right of the defendant. The rule laid down by the elementary writers is that 'a motion to quash is addressed to the sound discretion of the court, and, if refused, is not a proper subject of exception.' "

In United States v. Hamilton, 109 U. S. 63, 3 Sup. Ct. 9, 27 L. Ed. 857, it is said:

"As a motion to quash is always addressed to the discretion of the court, a decision upon it is not error, and cannot be reviewed on a writ of error."

To the same effect are Logan v. United States, 144 U. S. 263, 282, 12 Sup. Ct. 617, 36 L. Ed. 429; United States v. Canada, 154 U. S. 674, 14 Sup. Ct. 1211, 26 L. Ed. 1069; Durland v. United States, 161 U. S. 306, 314, 16 Sup. Ct. 508, 40 L. Ed. 709; Holt v. United States, 218 U. S. 245, 247, 31 Sup. Ct. 2, 54 L. Ed. 1021, 20 Ann. Cas. 1138; Radford v. United States (C. C. A. 2) 129 Fed. 49, 63 C. C. A. 491; McGregor v. United States (C. C. A. 4) 134 Fed.

187, 192, 69 C. C. A. 477; Chadwick v. United States (C. C. A. 6) 141 Fed. 225, 235, 72 C. C. A. 343.

The petitioners, to support their contention that a writ of error will lie to review the order of November 26, 1923, denying the defendants' motion to quash the search warrant, suppress the evidence and information obtained thereunder, and refusing to order the property seized returned to the defendants, rely upon Perlman v. United States, 247 U. S. 7, 38 Sup. Ct. 417, 62 L. Ed. 950; Hoffman Brewing Co. v. McElligott (C. C. A. 2) 259 Fed. 525, 170 C. C. A. 487; Terrace v. Thompson, 263 U. S. 197, 44 Sup. Ct. 15, 68 L. Ed. ——; Weyman v. Ladd (C. C. A. 8) 231 Fed. 898, 146 C. C. A. 94; Veeder v. United States (C. C. A. 7) 252 Fed. 414, 164 C. C. A. 338; the dissenting opinion of Judge Manton in Coastwise Lumber Co. v. United States (C. C. A. 2) 259 Fed. 847, 170 C. C. A. 647.

The cases cited do not sustain the contention of counsel. In Hoffman Brewing Co. v. McElligott, Terrace v. Thompson, and Weyman v. Ladd the question was not involved, considered, or decided. The case of Coastwise Lumber Co. v. United States is directly opposed to the position sought to be maintained by counsel, who, recognizing that fact, rely upon the dissenting opinion in the case. The cases of Perlman v. United States and Veeder v. United States were independent special proceedings of the character referred to by Judge Sanborn in Gunn v. Black, supra, and in the majority opinion in Coastwise Lumber Co. v. United States, supra, wherein it is said:

"In the case of Wise v. Mills, 220 U. S. 549, 31 Sup. Ct. 597, 55 L. Ed. 579, the District Court entered an order committing the United States attorney for contempt, because of his refusal to obey its order to return books and papers of the defendant in a criminal action seized without a warrant. Upon his writ of error the Supreme Court held that the order committing for contempt was final as to the United States attorney because, he not being a party to the criminal action, nothing more remained to be done as far as he was concerned, while it held the order to return the defendant's books and papers was interlocutory. When one not a party to the action has been committed for contempt, the order is final and appealable as to him (Nelson v. United States, 201 U. S. 92, 26 Sup. Ct. 358, 50 L. Ed. 673; Alexander v. United States, 201 U. S. 117, 26 Sup. Ct. 356, 50 L. Ed. 686), and when there is no action pending a demand for a return of books and papers seized is of course an independent special proceeding (Perlman v. United States, 247 U. S. 12, 38 Sup. Ct. 417, 62 L. Ed. 950; Veeder v. United States, 252 Fed. 414, 164 C. C. A. 338)."

In the Perlman Case the government sought to take from the custody of the clerk of the United States District Court exhibits, the property of Perlman, that had been impounded by an order of the court in a case pending in that court, to which Perlman was not a party, and in which final judgment had been entered months before. The district attorney attempted to take possession of the exhibits for the purpose of using them before the United States grand jury in an effort to indict Perlman for perjury. Here it will be noted that the civil case in which the exhibits were impounded was at an end; that there was no criminal case pending against Perlman, who, by a proceeding instituted by him personally, sought to obtain an injunction against the use of the exhibits by the United States attorney, and

also sought to have the exhibits returned to his possession. The court made an order adverse to Perlman, and to review that order it was held that a writ of error would lie.

In the Veeder Case, the United States instituted an investigation at the city of Chicago, for the purpose of ascertaining whether the anti-trust laws of the United States were being violated by the packing companies. Veeder numbered among his clients one of the packing companies. The representative of the government, a member of the Federal Trade Commission, or a representative of that body, obtained from the United States District Court at Chicago an order directing that a search warrant issue authorizing the officer to whom it was issued to search the law office of Veeder for the purpose of obtaining evidence, if it existed, showing that one of his clients was violating the law mentioned. The search was made, and papers seized and taken from Veeder's office under the search warrant. Veeder sued out a writ of error for the purpose of having reviewed the order under which the search warrant was issued. There was no case, civil or criminal, pending to which Veeder was a party.

In both the Perlman and the Veeder Cases, on a bare statement of the facts, it is apparent that they were independent special proceedings, and that the decision in each was a final decision to which a writ of error would lie. In the instant case no attack was made upon the search warrant, nor upon any proceeding had under it, until four days after the informations were filed against the defendants, and after they had been arraigned and pleaded not guilty to the same. In a majority of the cases, in this district, at least, the question of the validity of search warrants and proceedings had under them in liquor cases arises on the trial, for the reason, it is thought, that that is the more satisfactory time to dispose of such questions, as it avoids the usual "war of affidavits," and there is a full disclosure of the facts by oral testimony taken in court.

When, on the trial, an objection is made to the validity of the search warrant or proceedings had, or to the admissibility of evidence seized under it, a ruling in favor of the defendant will dispose of the question without the necessity, delay, or expense of an appeal. If the ruling is adverse to the defendant, and an acquittal follows, no necessity for an appeal will exist, while, if the ruling is adverse to the defendant, and a conviction follows, the correctness of the court's ruling can be reviewed on a writ of error to the judgment.

Considering the policy of Congress, as evidenced by all legislation on the subject from 1789, at least, to restrict appeals and writs of error to judgments, decrees, and decisions that are final, it cannot be held a permissible construction of section 6 of the Act of March 3, 1891, to hold that an order of a District Court denying a motion to quash a search warrant, or an order refusing to direct the return of property seized under it, which leaves the action in which the order was made pending and undetermined, is a final decision to which a writ of error will lie. I am of the opinion that such a construction placed upon section 6 would be a perversion of the meaning of that section and not consistent with the policy of the law embodied in it.

The precise question under consideration has been directly passed upon and decided adversely to the petitioners herein in the Circuit Courts of Appeal of the Second and Ninth Circuits and by the Court of Appeals of the District of Columbia. United States v. Maresca (D. C. S. D. N. Y.) 266 Fed. 713; United States v. Marquette (C. C. A. 9) 270 Fed. 214, 215; Coastwise Lumber Co. v. United States (C. C. A. 2) 259 Fed. 847, 849, 170 C. C. A. 647; United States v. Mattingly, 285 Fed. 921, 923, 924, 52 App. D. C. 188; No case has been called to my attention, nor have I been able to find one, in which the precise question under consideration was involved, in which a conclusion was reached at variance with the views expressed in the cases last cited. My conclusion is that the orders specified in the three assignments of error are interlocutory, and for that reason not reviewable on a writ of error.

The prayer of the petition for the allowance of a writ of error is denied.

---

⬅For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes