## JACOBS et al. v. UNITED STATES.

(Circuit Court of Appeals, Ninth Circuit. November 16, 1925. Rehearing Denied January 4, 1926.)

### No. 4692.

Criminal law ⟨⟩1023(3)—Order denying petition for return of property seized or to suppress evidence not final and appealable at instance of defendants.

Order denying petition of one charged with criminal offense for return of property seized or for exclusion of its use as evidence in criminal action is not final and appealable within Judicial Code, § 128 (Comp. St. § 1120).

In Error to the District Court of the United States for the Southern Division of the Northern District of California; Frank H. Kerrigan, Judge.

Fred Jacobs and another were charged by information with violation of the National Prohibition Act, and, after denial of petition to suppress certain evidence seized under search warrant, bring error. On motion to dismiss writ of error. Motion allowed.

William F. Herron, of San Francisco, Cal., for plaintiffs in error.

George J. Hatfield, U. S. Atty., and T. J. Sheridan, Asst. U. S. Atty., both of San Francisco, Cal.

Before GILBERT, HUNT, and McCAMANT, Circuit Judges.

HUNT, Circuit Judge. An information has been filed in the District Court, charging petitioners as defendants with violations of the National Prohibition Act (Comp. St. Ann. Supp. 1923, § 10138¼ et seq.), but as yet there has been no trial. While the case was awaiting trial, defendants petitioned to quash the search warrant issued in the criminal action, to suppress as evidence certain property seized by virtue of the search warrant, and to dismiss the

information. The petition was denied, a bill of exceptions was signed and filed, writ of error was allowed, and a supersedeas was granted upon the filing of a bond for costs. Afterwards, the court, having signified its intention to proceed with the trial of the case, defendants applied to this court for a writ of prohibition, to have the District Court restrained from proceeding. The United States attorney moves to dismiss the writ of error, upon the ground that the order of the District Court was interlocutory, and not appealable.

In United States v. Marquette, 270 F. 214, we held that no appeal could be taken from an order denying a petition for the return of certain seized liquor, which was to be used in evidence in a pending criminal action. That view has been followed in United States v. Mattingly, 52 App. D. C. .188, 285 F. 922, where the Court of Appeals of the District of Columbia denied a petition for a writ of mandate to compel the lower court to settle a bill upon an order held not to be appealable, and by the District Court in United States v. Broude (D. C.) 299 F. 332.

Appellants argue that the rule in the Marquette Case is inconsistent with the recent decision in Steele v. United States, 267 U. S. 498, 45 S. Ct. 414, 69 L. Ed. 757, wherein the Supreme Court treated a decree denying a petition for an order vacating a search warrant, by authority of which Steele's premises were searched and liquor was found and seized, as appealable. In Steele's Case, as reported, the court did not consider whether or not the order was appealable; but it would seem that the proceeding was an independent one in equity by Steele for the return of seized liquor, and not a petition for the exclusion of the use of seized property as evidence upon a criminal trial. We so infer because, upon the same day that the decree referred to was affirmed, the court decided a direct writ of error under section 246 of the Judicial Code (Comp. St. § 1223) to review the conviction of Steele on an information charging unlawful possession of a quantity of liquor, and in the course of its opinion referred to the question of the right of defendant to have submitted to the jury the issue of fact whether there was probable cause to issue the search warrant, as having been decided in the appeal from the decree denying the order vacating the search warrant. The court regarded that question as res judicata, and rested affirmance of the conviction upon other grounds.

The earlier case of Perlman v. United States, 247 U. S. 7, 38 S. Ct. 417, 62 L. Ed. 950, is clearly to be distinguished. There the United States applied to take from the custody of the court certain property of Perlman, exhibits which had been impounded by the court in a civil cause wherein Perlman was not a party, and in which judgment had been entered some time previous; the purpose of the United States being to get possession of the exhibits to use before a grand jury in an effort to indict Perlman upon a criminal charge. Perlman applied for injunction against the use of the exhibits by the United States attorney, and prayed to have them returned to him. The Supreme Court held that the order turning over the exhibits to the United States was final as to Perlman, and not interlocutory in a proceeding not yet brought and depending upon the order to be made.

Burdeau v. McDowell, 256 U. S. 465, 41 S. Ct. 574, 65 L. Ed. 1048, 13 A. L. R. 1159, was an appeal by Burdeau from an order requiring certain papers to be impounded, and enjoining officers of the Department of Justice from using the papers in criminal proceedings against McDowell. No criminal action was pending, and the proceeding being regarded as an independent one in equity to recover certain property, it was held that the papers, having come into possession of the government without a violation of petitioner's rights by governmental authority, could be used in prosecuting the criminal offense.

In Re Brenner (C. C. A.) 6 F.(2d) 425, the petitioner brought an appeal and writ of error to review an order of the District Court denying petitioner's application for the return to him of certain liquor seized under the Prohibition Act. No proceeding, civil or criminal, was pending against the petitioner or against the liquor at the time the case was considered on writ of error, and the court held that property lawfully in possession at the time it was unlawfully seized must be restored.

The matter is clarified by observing that, where a stranger to the suit or to the intended suit petitions for the return of property and his petition is denied, the order is final as to him, for unless he can sue out a writ of error he would be remediless. But where one is a party to a criminal action pending, and petitions for the return of property that has been seized under a warrant, and which is to be used in evidence upon the trial of the criminal action, the ruling upon his petition is upon an interven-

ing matter, and is not a final decision. In United States v. Maresca (D. C.) 266 F. 713, such a distinction is recognized; the court citing Veeder v. United States, 252 F. 417, 164 C. C. A. 338 (C. C. A. 7), certiorari denied 246 U. S. 675, 38 S. Ct. 428, 62 L. Ed. 933, as in agreement with Coastwise, etc., Co. v. United States, 259 F. 847, 170 C. C. A. 647 (C. C. A. 2). There an order was made by the District Court, denying petition of the Coastwise Company for a return of its books, impounded by an ex parte order of the court, so that they might be used by the government in the trial of indictments pending against the Coastwise Company and certain individuals. The government objected upon the ground that the order was interlocutory, because the appellate jurisdiction of the Circuit Court of Appeals is restricted to final decisions of the District Court, with exceptions not there material. Judicial Code, Act March 3, 1911, 36 Stat. 1133 (Comp. St. § 1120). But it was held that the search warrants were issued in the criminal action, and that, when one not a party to the action has been committed for .contempt, the order is final and appealable as to him, and that, when no action is pending, a demand for the return of books and papers seized is, of course, an independent special proceeding; but where search warrants have been issued in a criminal action, in which defendants have been indicted, the demand for the return of the property is not in an independent proceeding, but is made in the criminal action, and an order denying return is interlocutory.

We are in accord with the cases cited, and hold that, where one is charged with a criminal offense, an order denying his petition for an order of the return of property seized, or for the exclusion of the use of property seized, as evidence in a criminal action, is not a final order or decision, within the exercise of the appellate jurisdiction of this court.

The motion to dismiss the writ of error is allowed.