### GREEN *v.* FISK.

Upon a petition filed by A., alleging that he was the owner of an undivided half of certain real estate which was not susceptible of a division, and praying for a partition thereof by sale, the court below decreed that he was ent. tled to one-half of the property, and referred the case to a master, "to proceed to a partition according to law, under the direction of the court." *Held*, that this is not a final decree, and that an appeal does not lie therefrom.

MOTION to dismiss an appeal from the Circuit Court of the United States for the District of Louisiana.

The facts are stated in the opinion of the court.

*Mr. Thomas J. Durant* and *Mr. Charles W. Hornor* in support of the motion.

*Mr. Thomas J. Semmes, contra.*

MR. CHIEF JUSTICE WAITE delivered the opinion of the court.

This was a suit begun by Mrs. Fisk, the appellee, in a State court of Louisiana, to obtain a partition of real property. She alleged that she was the owner of one-half the property; that she was not willing to continue her joint ownership, and that a partition by sale was necessary, as a division could not be made in kind. The prayer of her petition was in accordance with these allegations.

Green, the defendant below, being a citizen of California, removed the case to the Circuit Court of the United States for the District of Louisiana. In that court, on the 31st of March, 1879, Mrs. Fisk was decreed to be the owner of one-half the property, and the case was referred to "J. W. Gurley, Esq., master, to proceed to a partition according to law, under the direction of the court." From that decree an appeal was taken by the defendant, which Mrs. Fisk now moves to dismiss, because the decree appealed from is not the final decree in the cause.

We think the motion must be granted. In the Circuit Court the suit was one in equity for partition. Although no formal order was entered assigning it to the equity side of the court, that was clearly its proper place, and it was so treated by the parties and the court.

In partition causes, courts of equity first ascertain the rights of the several persons interested, and then make a division of the property. After the division has been made, and confirmed by the court, the partition, if in kind, is completed by mutual conveyances of the allotments to the several parties. Mitford, Eq. Pl. (4th ed. by Jeremy), 120; 1 Story, Eq., sect. 650; 2 Daniell, Ch. Pr. (4th Am. ed.) 1151.

A decree cannot be said to be final until the court has completed its adjudication of the cause. Here the several interests of the parties in the land have been ascertained and determined, but this is merely preparatory to the final relief which is sought; that is to say, a setting off to the complainant in severalty her share of the property in money or in kind. This can only be done by a further decree of the court. Ordinarily, in chancery, commissioners are appointed to make the necessary

examination and inquiries and report a partition.  Upon the coming in of the report the court acts again.  If the commissioners make a division the court must decide whether it shall be confirmed before the partition, which is the primary object of the suit, is complete.  If they report that a division cannot be made and recommend a sale, the court must pass on this view of the case before the adjudication between the parties can be said to be ended.

In this case a partition by sale was asked for, because the property was not susceptible of division in kind.  That the court has not ordered, and the reference to the master was undoubtedly to ascertain, among other things, whether such a proceeding was in fact necessary in order to divide the property. The master was in everything to proceed under the direction of the court.  He had no fixed duty to perform.  He was the mere assistant of the court, not in executing its process, but in completing its adjudication of the partition which was asked. There are still questions, in which the parties have each a direct interest, and they must be determined judicially before the relief has been granted which the suit calls for.

In foreclosure suits it has been held that a decree which settles all the rights of the parties and leaves nothing to be done but to make a sale and pay over the proceeds is final for the purposes of an appeal.  The reason is that in such a case the sale is the execution of the decree of the court, and simply enforces the rights of the parties as finally adjudicated.  Here, however, such is not the case, because still the court must act judicially in making the partition it has ordered.  What remains to be done is not ministerial but judicial.  The law has prescribed no fixed rules by which the officers of the court are to be governed in the performance of the duty assigned to them. The court is still to exercise its judicial discretion in directing the movements and approving the acts of its assistants, until it has finally settled and determined on the details of the partition, if made in kind, or directed a sale by the ministerial officers and prescribed the rules for a division of the proceeds.

*Appeal dismissed.*