BELLAMY et al. v. ST. LOUIS, I. M. & S. RY. CO. †

(Circuit Court of Appeals, Eighth Circuit. March 8, 1915.)

No. 4284.

1. COURTS ⊜⇒508—JURISDICTION OF FEDERAL COURT—INJUNCTION.

Where an injunction had been issued by the federal court, restraining the enforcement of a statute regulating railroad rates, which was subsequently restrained by the Supreme Court, the court can appoint a master, before whom all claims of shippers on the injunction bond must be prosecuted; but it cannot prevent those shippers from recovering by separate action under the statute.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 1418–1423, 1425–1430; Dec. Dig. ⊜⇒508.

Enjoining proceedings in state courts, see notes to Garner v. Second Nat. Bank, 16 C. C. A. 90; Central Trust Co. v. Grantham, 27 C. C. A. 575; Copeland v. Bruning, 63 C. C. A. 437.]

2. INJUNCTION ⊜⇒26—JURISDICTION—MULTIPLICITY OF SUITS.

An order enjoining the prosecution of actions by shippers against a carrier under a state statute regulating rates, the enforcement of which had been suspended by injunction, cannot be sustained on the ground of preventing a multiplicity of suits, since there is no community of right or interest between the shippers.

[Ed. Note.—For other cases, see Injunction, Cent. Dig. §§ 24–49, 54–61; Dec. Dig. ⊜⇒26.]

Appeal from the District Court of the United States for the Eastern District of Arkansas; Jacob Trieber, Judge.

Suit by the St. Louis, Iron Mountain & Southern Railway Company against George W. Bellamy and others. From an order granting an injunction on a supplemental bill (211 Fed. 172), certain defendants appeal. Modified and affirmed.

Allyn Smith, of Cotter, Ark., and J. F. Loughborough, of Little Rock, Ark., for appellants.

J. M. Moore, W. B. Smith, and J. Merrick Moore, all of Little Rock, Ark., for appellee.

Before ADAMS and CARLAND, Circuit Judges, and AMIDON, District Judge.

AMIDON, District Judge. The present appeal presents a subordinate matter arising out of the Arkansas Rate Cases (C. C.) 187 Fed. 290, and 230 U. S. 553, 33 Sup. Ct. 1030, 57 L. Ed. 1625. A schedule of freight and passenger rates was prescribed under the authority of that state. The St. Louis, Iron Mountain & Southern Railway Company filed in the federal court its bill against the railroad commissioners and individual defendants as passengers and shippers, charging that the rates were confiscatory. A preliminary injunction was issued, restraining the defendants and the public generally from instituting any proceeding against the carrier on account of its charging rates in excess of those fixed by law or the commissioners. For the protection of passengers and shippers, the order required the complainant to give a bond to the United States in the sum of $200,000 "conditioned that said complainant shall keep a correct account showing, as respects the

carriage of passengers and freight, the difference between the tariff actually charged, and that which would have been charged had the rates inhibited hereby been applied, showing the particular carriage in question, and the stations between which the same occurred, and the name of the person affected, so far as may be practicable, which record shall be made and kept subject to the further order of this court, and further conditioned that if it shall eventually be decided that so much of this order as inhibits the enforcement of the existing rates should not have been made, that said complainant shall, within a reasonable time, to be fixed by the court, refund in every instance to the party entitled thereto the excess in charge over what would have been charged, had the inhibited rate been applied, together with lawful interest and damages." A bond thus conditioned was given. Subsequently an additional bond in the penal sum of $800,000 was required and given. At the final hearing of the cause, a perpetual injunction was granted, and further liability under the bonds was released. On appeal the Supreme Court reversed this decision, and directed that the bill be dismissed without prejudice. The trial court, in entering judgment upon the mandate of the Supreme Court, not only entered a judgment in conformity with its provisions, but proceeded in the same decree to enter judgment appointing a special master "for the purpose of determining the damages sustained by the defendants by reason of the granting of the temporary and permanent injunctions."

Before the making of this order the defendant Metcalf had instituted a suit in the state chancery court to recover $6,000 excessive freight charges exacted of him by the railway company while the primary suit was pending. This action was based, not on the bond, but on the statutory liability arising out of the exaction of the excessive rates.

Soon after the trial court made its order appointing the master, the railway company filed a supplemental bill, setting forth that a large number of claims existed against it by reason of the excessive rates collected during the pendency of the litigation; that many actions were threatened in the state courts for the enforcement of these claims; that conflicting claims were made in respect of the same shipment; and that complainant would be subject to a multiplicity of suits, and great damage and expense, unless the court should take exclusive jurisdiction of these claims, and restrain independent actions for their collection. Metcalf was made a party to this supplemental bill, and the other defendant, Gallup, was also made a party, with an averment that he was about to institute an independent suit. The bill further alleged that the parties were so numerous as to make it impractical to bring all of them before the court, and asked that Metcalf and Gallup be treated as representatives of the class. These defendants appeared and challenged the jurisdiction of the court and the equity of the bill, both by motion to dismiss and answer. A hearing was had, and the court rendered its decision as follows:

"A perpetual injunction is granted restraining these defendants, and all other persons similarly situated, from instituting or maintaining any suits for excess charges collected by the complainant during the pendency of this injunction."

The defendants Metcalf and Gallup appeal from that order.

[1] The order is too broad. The court had jurisdiction of all liabilities arising out of the bonds made pursuant to its orders. It could appoint a master, before whom all claims based on those bonds should be heard, and restrain actions in other jurisdictions to collect such claims. The bonds were judicial. The orders requiring them to be given retained the jurisdiction of the court to ascertain and enforce liabilities arising under them. That power probably existed independently of such reservation. Russell v. Farley, 105 U. S. 433, 26 L. Ed. 1060; In re Louisville, 231 U. S. 639, 34 Sup. Ct. 255, 58 L. Ed. 413; In re Engelhard, 231 U. S. 646, 34 Sup. Ct. 258, 58 L. Ed. 416; Louisville v. Cumberland Telephone Co., 231 U. S. 652, 34 Sup. Ct. 260, 58 L. Ed. 419. This, however, was the measure of the court's jurisdiction. Parties from whom excessive rates had been exacted were not confined to suing on the bonds. They also had the right given them by law to recover the overcharges. That right was not destroyed by the injunction, but was simply suspended. As soon as the injunction was out of the way, the right and remedy for its enforcement stood the same as if the injunction had never been issued.

[2] Neither can the order be sustained on the ground of preventing multiplicity of suits. The rights of each shipper or passenger, in case he relies, not on the bond, but on the statute, arise out of an independent contract, and there is no community of right or interest, such as is necessary to support jurisdiction in equity for the purpose of preventing a multiplicity of suits. Hale v. Allinson, 188 U. S. 56, 72, et seq., 23 Sup. Ct. 244, 47 L. Ed. 380; United States v. Bitter Root Development Co., 200 U. S. 451, 26 Sup. Ct. 318, 50 L. Ed. 550.

The order of the trial court is modified, so as to restrain only such actions as are brought on one or both of the bonds, and, as so modified, is affirmed.

Appellants will recover their costs.