ECONOMY FUSE & MFG. CO. v. KILLARK ELECTRIC MFG. CO.*

(Circuit Court of Appeals Eighth Circuit. July 29, 1916.)

No. 4679.

APPEAL AND ERROR ☞70(3)—APPEALABLE ORDERS—PERMITTING DISMISSAL OF COUNTERCLAIM.

An order permitting a defendant to amend the answer, by dismissing without prejudice a counterclaim pleaded therein, is interlocutory, and not appealable.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 370, 411; Dec. Dig. ☞70(3).]

Appeal from the District Court of the United States for the Eastern District of Missouri; David P. Dyer, Judge.

Suit in equity by the Economy Fuse & Manufacturing Company against the Killark Electric Manufacturing Company. From an interlocutory order, complainant appeals. Dismissed.

Henry M. Huxley, of Chicago, Ill., for appellant.

Before SMITH and CARLAND, Circuit Judges, and AMIDON, District Judge.

CARLAND, Circuit Judge. Appellant filed its complaint for patent infringement. Appellee answered, and set up a counterclaim alleging infringement by appellant. Appellant replied, and filed certain interrogatories. Appellee answered the same. Appellant then moved the court to dismiss the counterclaim for want of equity. Subsequently appellee moved for leave to amend its answer, by striking therefrom its counterclaim without prejudice. The court heard appellee's motion, and granted it January 31, 1916. March 1, 1916, the court denied appellant's motion, and refused to vacate the order of January 31, 1916. On the last date mentioned appellant appealed from the orders of January 31 and March 1, 1916. The case is still pending in the United States District Court at St. Louis, Mo., on the complaint

of appellant and answer of appellee. There has been no appearance by appellee, but this court must notice a want of jurisdiction, if any exist, as all its acts depend for their validity on its having jurisdiction.

Our power to review the proceedings of the District Courts is limited to the final decisions thereof, except interlocutory orders in relation to injunctions and receivers. The order of January 31, 1916, manifestly is not a final decision within the meaning of the law, as it decided no issue in the case arising either on the counterclaim or the complaint, and therefore the appeal from that order must be dismissed. If the order of March 1, 1916, denying the motion to dismiss the counterclaim for want of equity, is appealable, we can do nothing but affirm the order, for the reason that it was the only order that the court could make, having already allowed appellee to amend its answer by striking the counterclaim therefrom. The court could not grant both motions, and the first order not being reviewable here forecloses all further proceedings.

The appeal from the order of January 31, 1916, is dismissed, and the order of March 1, 1916, affirmed, for the reason that at the time it was made the counterclaim had already passed from the case; and it is so ordered.