## PIERCE v. NATIONAL BANK OF COMMERCE IN ST. LOUIS.

(Circuit Court of Appeals, Eighth Circuit. June 30, 1922.)

No. 6013.

1. **Appeal and error** ⬡⟾78(3)—**Order striking out parts of cross-complaint held not appealable.**

Under Act March 3, 1891, § 7, and subsequent amendments, an order striking out parts of the cross-complaint of a defendant is not final, and is therefore not appealable, notwithstanding Judicial Code, § 129 (Comp. St. § 1121); such statute being applicable only to injunctions granted, continued, refused, or dissolved, or to refusal of an application to dissolve an injunction.

2. **Courts** ⬡⟾508(1)—**Statute prohibiting federal court from staying proceedings in state court not applicable, where federal court has possession of property.**

Judicial Code, § 265 (Comp. St. § 1242), prohibiting federal courts from enjoining proceedings in a state court, except in bankruptcy proceedings, is not applicable where a federal court has possession of property, and an action is instituted in the state court affecting the title to or possession thereof.

3. **Courts** ⬡⟾508(1)—**Statute prohibiting federal court from staying prosecution of action in state court not applicable to state court action attacking title acquired under federal court decree.**

Judicial Code, § 265 (Comp. St. § 1242), prohibiting federal courts from granting an injunction to stay proceedings in a state court, except in bankruptcy proceedings, is not applicable, where a title acquired under a decree in a national court is attacked in an action in the state court.

4. **Courts** ⬡⟾508(3)—**Statute prohibiting federal court from enjoining proceedings in state court not applicable, where execution of judgment would be inequitable.**

Judicial Code, § 265 (Comp. St. § 1242), prohibiting federal courts from granting an injunction to stay proceedings in a state court, except in bankruptcy proceedings, is not applicable, when the execution of the judgment would be inequitable.

5. **Courts** ⬡⟾508(1)—**Statute prohibiting federal court from enjoining proceedings in state court not applicable, where state court was without jurisdiction.**

Judicial Code, § 265 (Comp. St. § 1242), prohibiting federal courts from granting an injunction to stay proceedings in a state court, except in bankruptcy proceedings, is not applicable, where the state court was without jurisdiction.

6. **Courts** ⬡⟾489(14)—**Obligee on bond given in federal court may sue thereon in any court of competent jurisdiction.**

While a national court has jurisdiction of an action on a bond given in a proceeding pending in that court, as ancillary to the original action, regardless of a diversity of citizenship, the obligee is not bound to resort to that tribunal, but may proceed in any court of competent jurisdiction.

⬡⟾For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

**7. Courts ⬅➡508(3)—Federal court held without authority to enjoin suit in state court.**

Where judgment creditor brought action against surety on appeal bond in a state court, and thereafter, pursuant to notice from surety, under Rev. St. Mo. 1919, §§ 12687–12689, instituted a suit against the principal, thereafter removed to the federal District Court, the District Court could not, under Judicial Code, § 265 (Comp. St. § 1242), on principal's cross-complaint, enjoin the judgment creditor from attempting to enforce payment of its judgment in the state court against the principal or his property, and from prosecuting its suit in the state court against the surety.

Appeal from the District Court of the United States for the Eastern District of Missouri; Charles B. Faris, Judge.

Action by the National Bank of Commerce in St. Louis against Henry Clay Pierce, in which the defendant filed a cross-complaint. From an order denying an interlocutory injunction, and striking out certain parts of the cross-complaint, the defendant appeals. Affirmed. See, also, 268 Fed. 487, 272 Fed. 1023.

This is an appeal under section 129 of the Judicial Code (Comp. St. § 1121) from an order denying an interlocutory injunction and striking out certain parts of the cross-complaint of appellant's answer. For convenience, Mr. Pierce will be referred to as the appellant, and the appellee as the bank. The facts, so far as it is necessary to determine the issues, are:

The appellant had instituted an action to enjoin a judgment against him by the circuit court of St. Louis, affirmed by the Supreme Court of the state of Missouri, in favor of the bank, 219 S. W. 578. The trial court sustained a motion to dismiss. Upon appeal appellant asked this court for an injunction to restrain the collection of the judgment, pending the appeal. This court ordered a temporary injunction upon the following conditions, that:

"First. It is ordered that, on condition that the appellant give a bond with surety or sureties, approved by one of the judges of this court, in the sum of $5,000, conditioned to pay any costs and damages that may result from the restraining order and injunction contained in this first paragraph of this order, the appellee, the National Bank of Commerce in St. Louis, its assigns, its attorneys, officers, and agents, and each of them, is restrained and enjoined, pending this appeal and decision thereon, and the further order of this court, from applying for or suing out of the St. Louis circuit court or the Missouri Supreme Court within the next sixty (60) days any execution in the case of the National Bank of Commerce in St. Louis, plaintiff, against Henry Clay Pierce, defendant, originally brought in the circuit court of the city of St. Louis, Mo., and affirmed in the Supreme Court of Missouri, and numbered 20148, and that the said bank, its assigns, its attorneys, officers, and agents, are enjoined and restrained, pending this appeal and decision thereon, from filing within the next sixty (60) days suit against the Maryland Casualty Company, the surety on the appeal bond in said case, and from making within said sixty (60) days an application for the cancellation of the license of said Casualty Company to do business in the state of Missouri on account of its failure to pay said judgment.

"Second. It is further ordered that, on condition that the appellant, Henry Clay Pierce, pays within sixty (60) days from this date to the National Bank of Commerce in St. Louis aforesaid the amounts in excess of $300,000 owing to the bank on the judgments against him in the circuit court in the city of St. Louis, and in the Missouri Supreme Court in the case of the National Bank of Commerce in St. Louis, plaintiff, against Henry Clay Pierce, defendant, aforesaid, and that he gives a bond to said Bank of Commerce in the sum of $350,000, with sureties approved by one of the judges of this court, so conditioned as to secure the payment of the remainder of said judgments and interest, or such parts thereof as shall be adjudged to be paid by the decree of

⬅➡For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

the court below or of the appellate court which finally disposes of this case, and all damages and costs in this case, the National Bank of Commerce, its assigns, its attorneys, officers, and agents, and each of them, is restrained and enjoined, pending the final disposition of this case or the further order of this court, from applying for or suing out of the St. Louis circuit court or the Missouri Supreme Court any execution in the case of the National Bank of Commerce in St. Louis, plaintiff, against Henry Clay Pierce, defendant, originally brought in the circuit court in the city of St. Louis, Mo., and affirmed in the Supreme Court of Missouri and numbered 20148, and that the said bank, its assigns, its attorneys, officers, and agents, and each of them. are enjoined and restrained, pending the final disposition of this case or the further order of this court, from filing suit against the Maryland Casualty Company, the surety, on the appeal bond in said case, and from making an application for the cancellation of the license of said Casualty Company to do business in the state of Missouri on account of its failure to pay said judgment."

Pursuant to this order the appellant paid appellee the amount on said judgment in excess of $300,000. As it was also necessary for appellant to execute a bond for $350,000 as required by the order of the court, in order to make the injunction pendente lite effective, he represented to the bank that, if he gave that bond, it would then hold two bonds, upon which he would be required to pay large annual premiums, one to secure the payment of the balance due the bank upon the judgment, the bond for $900,000 given to supersede the judgment of the state circuit court, pending his appeal to the Supreme Court of the state, and the bond required by this order, and requested the bank, upon the giving of the $350,000 bond, to release and discharge the $900,000 supersedeas bond given in the case in the state court. This the bank declined to do, but suggested that, if he would give a bond in the sum of $350,000 conditioned to secure the payment of the balance due upon the judgment in the state case, and in addition pay all damages, costs, expenses, etc., sustained by the bank, resulting from the temporary injunction, and further agree that no defense, counterclaim, or set-off should be interposed by way of defense in a suit upon such bond, that could not be interposed by way of defense in a suit upon the appeal bond, that the bank would then waive the giving of a bond for $350,000 required by the order of the court, and release and discharge the appeal bond for $900,000. This proposition was accepted by appellant, and the bond containing all the provisions demanded by the bank executed with the Maryland Casualty Company as surety, whereupon the $900,000 bond in the state case was released, and a stipulation waiving the execution of a bond for $350,000 as required by the order of this court, signed by both parties.

This court affirmed the decree of the District Court denying the injunction, but reversed the part of the decree sustaining the bank's motion to dismiss the bill of complaint. The opinion will be found in 268 Fed. 487, and as the object of the main litigation between the parties to this action is set out in that opinion, it is unnecessary to restate it in this opinion. In that opinion the court said: "It is true that in the absence of the injunction the plaintiff must pay the judgment against him before his claims to the accounting for the $1,000,000 of bonds and the Van Blarcom dividends can be adjudicated." Upon the filing of the mandate of this court in the District Court appellant renewed his application for a temporary injunction, and upon denial thereof appealed to this court, and asked for an injunction while that appeal was pending. After a hearing, the court, composed of Judges Sanborn, Carland, and Lewis, denied the petition for the injunction.

On January 25, 1921, the bank instituted an action in the circuit court of the city of St. Louis against the Maryland Casualty Company, the surety on the bond of appellant for the $350,000 hereinbefore mentioned. The Casualty Company by its answer set up the same claims and counterclaims set up by the appellant in his answer and counterclaim in this cause. On motion of the bank the counterclaim of the Casualty Company was, by the St. Louis circuit court stricken out. On June 29, 1921, the Casualty Company served notice on the bank, demanding that it forthwith commence suit on said bond against appellant, the principal debtor on the bond. Under the statutes of the state of Missouri (sections 12687, 12688, and 12689, Rev. St. Mo. 1919) a surety has the right to call on the obligee to institute a suit against the principal on the

bond, and if, after notice of such demand, the obligee fails to institute such an action against the principal within 30 days, the surety is released from liability. In conformity with this demand, the bank instituted this action against appellant in the circuit court of the city of St. Louis, and by proper proceedings the cause was removed to the District Court of the United States.

The complaint of the bank sets out the facts as hereinbefore stated and alleges a breach of the bond. The only denial in the answer is that there was a breach of the bond. With the answer he filed an equitable defense by way of a cross-bill. In this cross-bill the same allegations are made as in the former bill of this appellant, which is still undisposed of in the District Court. In addition the cross-bill recites the proceedings on the former appeal, the suit by the bank against the Casualty Company, its demand that suit be instituted against appellant as principal on the bond, and prays that there be an accounting between them and that the bank be enjoined from attempting in any way to enforce payment of the bank's judgment in the state court, either against appellant or his property, and that it be also enjoined from attempting to prosecute its suit against the Maryland Casualty Company as surety on said bond.

Henry S. Priest, of St. Louis, Mo. (Boyle & Priest, Judson, Green & Henry, and Fordyce, Holliday & White, all of St. Louis, Mo., on the brief), for appellant.

George L. Edwards, of St. Louis, Mo. (Edward J. White, of St. Louis, Mo., on the brief), for appellee.

Before CARLAND, Circuit Judge, and TRIEBER and MUNGER, District Judges.

TRIEBER, District Judge (after stating the facts as above). [1] As the order of the court striking out parts of the cross-complaint of appellant was not final, it is not appealable, and cannot be considered on this appeal, as section 129 of the Judicial Code (Comp. St. § 1121) applies only to injunctions "granted, continued, refused, or dissolved, * * * or an application to dissolve an injunction shall be refused." Ayres v. Carver, 17 How. (58 U. S.) 591, 15 L. Ed. 179; 3 C. J. 448. Prior to the enactment of this section by the Act of March 3, 1891, 26 Stat. 828, and subsequent amendments, no appeal could be taken from any other than final judgments or decrees. Crosby v. Buchanan, 23 Wall. (90 U. S.) 420, 23 L. Ed. 138; Green v. Fisk, 103 U. S. 518, 26 L. Ed. 485; Lodge v. Twell, 135 U. S. 232, 10 Sup. Ct. 745, 34 L. Ed. 153; Economy Fuse & Mfg. Co. v. Killark Electric Mfg. Co., 235 Fed. 120, 148 C. C. A. 614; Gladys Belle Oil Co. v. Mackey, 216 Fed. 129, 132 C. C. A. 373. The two last-cited cases were decided by this court.

This leaves only the question whether the court erred in denying the interlocutory injunction for determination on this appeal. The suit against the Casualty Company was pending in the state court at the time the complaint of the bank was filed in this cause, and the cross-bill, asking for an injunction, was filed in the District Court. Section 265 of the Judicial Code (Comp. St. § 1242) prohibits an injunction to stay proceedings in a state court, except in bankruptcy proceedings. Without citing the numerous authorities, it is sufficient to refer to a few leading cases on that subject. Diggs v. Wolcott, 4 Cranch (8 U. S.) 179, 2 L. Ed. 587; Dial v. Reynolds, 96 U. S. 340, 24 L. Ed. 644; Gates v. Bucki, 53 Fed. 961, 4 C. C. A. 116; Patton v. Mar-

shall, 173 Fed. 350, 97 C. C. A. 610, 26 L. R. A. (N. S.) 127; Smith v. Jennings, 238 Fed. 48, 151 C. C. A. 124.

[2-5] An exception to this rule is where the national court has possession of the property and an action is instituted in a state court affecting the title to or the possession of that property, or when a title acquired under a decree of a national court is attacked in an action in a state court. Such were French v. Hay, 22 Wall. (89 U. S.) 231, 22 L. Ed. 799, Julian v. Central Trust Co., 193 U. S. 93, 34 Sup. Ct. 399, 48 L. Ed. 629, and Looney v. Eastern Texas R. R. Co., 247 U. S. 214, 38 Sup. Ct. 460, 62 L. Ed. 1084, cases cited by counsel for appellant. Another exception is when the execution of the judgment would be inequitable (Marshall v. Holmes, 141 U. S. 589, 12 Sup. Ct. 62, 35 L. Ed. 870), or the state court was without jurisdiction. Simon v. Southern Railway Co., 236 U. S. 115, 35 Sup. Ct. 255, 59 L. Ed. 492. This question was fully discussed by us in Hartford Life Ins. Co. v. Johnson, 268 Fed. 30.

The principal authority relied on in behalf of appellant is Burke Construction Co. v. Kline, 271 Fed. 605, decided by this court. But the facts in that case differ so materially from those in the instant case that it is clearly inapplicable. In that case the Construction Company had instituted its suit in the District Court, and, while that action was pending in that court, the defendants instituted a suit, involving the identical issues in a chancery court of the state of Arkansas, and the majority of this court held that the action in the state court should be enjoined, upon the ground that the later action would deprive the Construction Company, a nonresident corporation of the right to select a national court as the forum in which it desired to try its cause. The court said:

"If the board, which subsequently, in March, 1920, brought its suit against the Burke Company and the sureties on its bond to secure an adjudication by that court of the same controversy between the same citizens, by a race of diligence lawfully may secure such an adjudication in the suit in the state court before, in the orderly and proper course of proceeding in the suit in the federal court, the Burke Company is able to obtain such an adjudication and the enforcement thereof in the federal court, then the federal court's adjudication will be made futile, because before it has rendered it the controversy will have become res adjudicata by the adjudication of the state court (Boatmen's Bank v. Fritzlen [8 C. C. A.] 135 Fed. 650, 667, 68 C. C. A. 288; Insurance Co. v. Harris, 97 U. S. 331, 336, 24 L. Ed. 959; Barber Asphalt Paving Co. v. Morris [8 C. C. A.] 132 Fed. 945, 951, 66 C. C. A. 55, 67 L. R. A. 761), and the Burke Company will have been deprived of the right granted to it by the Constitution of the United States to the determination of its controversy with the board by the trial and adjudication thereof by the federal court, which first acquired jurisdiction of it and of the parties thereto."

In the opinion the court distinguishes a number of authorities, among them those relied on by counsel for appellant.

[6] While a national court has jurisdiction of an action on a bond given in a proceeding pending in that court, as ancillary to the original action, regardless of a diversity of citizenship (Files v. Davis [C. C.] 118 Fed. 465, and authorities there cited), the obligee is not bound to resort to that tribunal, but may proceed in any court of competent jurisdiction (Bellamy v. St. Louis, Iron Mountain & Southern Ry., 220

Fed. 876, 136 C. C. A. 442). In distinguishing Stewart Land Co. v. Arthur, 267 Fed. 184, decided by this court, the court in the Burke. Construction Co. Case said:

"If, after the Land Company had brought its action in the federal court in Iowa, the defendant Arthur had brought a suit in Oklahoma against the Land Company for an adjudication of the controversy between these parties, and the Land Company had insisted upon its constitutional right to an adjudication by the federal court, and sought an injunction to prevent Arthur from depriving it of that right by an early decision of the question in the Oklahoma court, a different question would have been presented and a different answer returned."

[7] That the appellant is not entitled to an injunction upon the facts alleged in his cross-complaint has been fully determined in the cause between the same parties in the opinion of this court reported in 268 Fed. 487.

The order of the court below denying the interlocutory injunction was right, and is affirmed.