GALLUP *v.* ST. LOUIS, IRON MOUNTAIN & SOUTHERN RAILWAY COMPANY.

Opinion delivered May 14, 1923.

1. APPEAL AND ERROR—APPEAL FROM ORDER DISCHARGING INJUNCTION. —The force and effect of a decree dismissing a bill and discharging an injunction is neither suspended nor annulled as a mere consequence of an appeal, even if an appeal bond is filed.

2. APPEAL AND ERROR—DISCHARGE OF INJUNCTION—LIABILITY ON APPEAL BOND.—Where the United States District Court enjoined appellant's testator from suing appellee railway company for freight and passenger overcharges, and the Circuit Court of Appeals dismissed the bill and discharged the injunction, whereupon appellee prosecuted an appeal to the Supreme Court of the United States, and filed an appeal bond conditioned to answer all costs and damages that might be adjudged against it, but no order of supersedeas was granted by the Supreme Court of the United States, appellant's testator was not prevented from suing for such overcharges, and appellee's surety was not liable for overcharges subsequently recovered against appellee railway company.

Appeal from Baxter Chancery Court; *Lyman F. Reeder,* Chancellor; affirmed.

*Allyn Smith,* for appellant.

The court erred in rendering judgment against appellant. During pendency of appeal in U. S. Supreme Court, and while supersedeas bond sued on was in effect, the railway became involved, and appellant should

be allowed to recover amount of his judgment against the bond. 58 So. 792; 56 So. 849.

*McConnell & Henderson,* for appellees.

The record does not contain all the evidence introduced at the trial, and case should be affirmed. 33 Ark. 119; 147 Ark. 197. Injunction not revived by taking an appeal from order modifying it. Case was decided by Supreme Court June 4, 1917, 244 U. S. 368, 37 Sup. Ct. Rep. 611. Appellant had the right, at any time after the case was decided by the Circuit Court of Appeals in March, 1915 (220 Fed. 876), to prosecute his case in Baxter Chancery Court. He took no appeal from that decision. 84 Ark. 494; 84 Ark. 596; 219 U. S. 527, 31 Sup. Ct. Rep. 295; 132 U. S. 14, 10 Sup. Ct. Rep. 8; 115 U. S. 465, 6 Sup. Ct. Rep. 127; 251 U. S. 511, 40 Sup. Ct. Rep. 285. Liability of surety strictly construed. 203 U. S. 441, 27 Sup. Ct. Rep. 56. No damage resulted to appellant from the appeal to the U. S. Supreme Court, and there can be no recovery against the bond. Cases cited by appellant have no application to facts herein. Attorney's fees are not allowed as damages in dissolution of injunction. 366 Ark. 191. Not recoverable as damages. 77 Ark. 128.

HART, J. This is a suit in chancery by appellants against appellees to recover upon an appeal bond filed in the Circuit Court of Appeals of the Eighth Circuit, in the case of *Bellamy* v. *St. Louis, I. M. & Southern Railway Company,* reported in 220 Fed. 876. In that case the Federal district court had granted a perpetual injunction against Howard H. Gallup and other defendants, including the Railroad Commissioners of the State of Arkansas, from maintaining any suits for excess freight and passenger charges against the St. Louis, Iron Mountain & Southern Railway Company during the pendency of the injunction. The Circuit Court of Appeals held that parties from whom excessive rates had been exacted were not confined to suing on the injunction bonds, but that they had the right given them by law to recover the

overcharges, and that the right was not destroyed by the injunction, but was only suspended. Hence the order of the trial court was modified accordingly. In short, it was held that the shippers might recover the overcharges by separate suits under the statute.

The railroad company prosecuted an appeal to the Supreme Court of the United States and filed an appeal bond conditioned as follows: ''Now, therefore, the condition of this obligation is such that if the above named appellant shall prosecute its appeal to effect and answer all costs and damages that may be adjudged against it, if it shall fail to make good its plea, then this obligation is to be void; otherwise to remain in full force and effect.''

This bond was signed by the Fidelity & Deposit Company of Maryland. Upon appeal to the Supreme Court of the United States the judgment of the Circuit Court of Appeals was affirmed. *St. Louis, I. M. & S. R. Co.* v. *McKnight,* 244 U. S. 368. The court held: ''Where a carrier, by reason of temporary and permanent injunctions against State officials and shippers and travelers as a class, collects rates in excess of those fixed by law, the right of a person who did not appear to sue for the excess paid by him during the restraint revives when the final decree is reversed by this court and its mandate is issued to dismiss the bill.''

The court said that Gallup sued on causes of action to recover overcharges arising under the Arkansas statute, and that his right to sue, suspended by the injunctions improvidently granted, revived as soon as the permanent injunction was dissolved by the decree dismissing the appeal. The opinion of the Circuit Court of Appeals was delivered on March 8, 1915, and the decision of the Supreme Court of the United States was on June 4, 1917.

The St Louis, Iron Mountain & Southern Railway Company became insolvent, and Gallup died. Gallup obtained judgment for the overcharges against the rail-

road in the chancery court of Baxter County, Ark. *Gallup* v. *St. Louis, I. M. & S. R. Co.,* 140 Ark. 347.

The chancellor was of the opinion that Gallup's estate could not recover against the surety on the appeal bond, and dismissed the complaint of the plaintiff for want of equity. The case is here on appeal.

The judgment of the chancery court was right. It is well settled that an injunction is not such a judgment as can be stayed by filing a supersedeas bond. It requires a judicial order to do this. *Union Sawmill Co.* v. *Felsenthal Land & Townsite Co.,* 84 Ark. 494. When an injunction has been dissolved, it cannot be revived except by a new exercise of judicial power, and no appeal by the dissatisfied party can of itself revive it. *Knox County* v. *Harshman,* 132 U. S. p. 14. It is well settled that the force and effect of a decree dismissing a bill and discharging an injunction is neither suspended nor annulled as a mere consequence of an appeal, even if a supersedeas is allowed. *Merrimack River Savings Bank* v. *Clay Center,* 219 U. S. 527.

It does not appear from the record that any court order was ever made reviving the injunction after the judgment of the Court of Appeals of the Eighth Circuit was rendered. Hence, under the decisions above referred to, the appeal bond which was filed by the railroad company could not operate to have that effect.

No order of supersedeas having been granted by the court, the filing of the bond in the Court of Appeals did not have the effect to supersede the judgment of that court, and Gallup then had the right to prosecute his suit for overcharges which was pending in the Baxter Chancery Court.

The railroad company was insolvent at the time the opinion of the Circuit Court of Appeals was delivered on March 8, 1915, and on May 28, 1915, the date on which the appeal bond in question was filed. It has continued insolvent since that date, and its property has

been sold to satisfy its creditors. Hence the necessity of suing the surety.

Under the holding of the courts above announced, the surety on the appeal bond is not liable for the overcharges recovered against the railroad company, because no order was made by the court granting supersedeas, and the filing of the bond did not have that effect.

It follows that the decree must be affirmed.