COOKE TRUST COMPANY, LIMITED, A HAWAII COR-PORATION, SUCCESSOR TRUSTEE UNDER THE WILL AND OF THE ESTATE OF CAROLINE J. ROBINSON, DECEASED, ET AL. *v.* CHINN HO, ET AL., AND RICHARD C. SUTTON.

No. 4124.

---

ARGUED MAY 4, 1959.                    DECIDED MAY 7, 1959.

RICE, C. J., STAINBACK AND MARUMOTO, JJ.

*Per Curiam.* Cooke Trust Company, Limited, Successor Trustee under the Will and of the Estate of Caroline J. Robinson, Deceased, and others, appellees, move to dismiss the appeal of Richard C. Sutton, appellant, from an order appointing commissioner, directing appraisal and sale, entered by the circuit judge on April 6, 1959, in a partition proceeding, on the ground that appellant failed to comply with rule 7(d) of the rules of this court and rule 73(a)

of Hawaii Rules of Civil Procedure. The motion raises two questions: first, whether the order appealed from is interlocutory; and, second, if the order is interlocutory, whether the appeal has been allowed by the circuit judge.

The order in this case is interlocutory. (*Pioneer Mill Co.* v. *Ward,* 34 Haw. 686; *Green* v. *Fisk,* 103 U.S. 518.)

In *Pioneer Mill Co.* v. *Ward,* one of the respondents appealed from the final decree of partition and the supplemental decree, both entered on January 24, 1936. The assignments of error challenged the correctness of the rulings that the partitioned lands were fairly susceptible of partition in kind, that the improvements placed on the land by the petitioner were its sole property, and that certain costs were taxable against three of the respondents, including the appellant. The first two rulings were made in the decree of March 9, 1935, in which the court appointed a commissioner to effect the partition and the last ruling was made in the decree of March 11, 1935, which provided for the payment of costs. The petitioner moved to dismiss the appeal on the ground that it was not perfected within the statutory time after the entry of the decrees of March 9 and 11, 1935, which it contended were final as to such rulings. This court denied the motion, stating that "in view of the authorities, we are convinced that the decree of March 9, 1935 is interlocutory and that an appeal from the final decree brings up the issues argued by the appellant."

*Green* v. *Fisk* involved a factual situation similar to the situation in this case. The complainant sought partition by sale of a parcel of land which was not susceptible of partition in kind. The trial court decreed that the complainant was the owner of one-half of the land and appointed a master "to proceed to a partition according to law, under the direction of the court." The defendant appealed from that decree, and the complainant moved to dismiss the appeal on the ground that the decree appealed from was not the final decree in the cause. The Supreme Court of the United States granted the motion to dismiss. The court stated: "A decree cannot be said to be final until the court has completed its adjudication of the cause. Here the several interests of the parties in the land have been ascertained and determined, but this is merely preparatory to the final relief which is sought; that is to say, a

setting off to the complainant in severalty her share of the property in money or in kind. This can only be done by a further decree of the court."

The order appealed from in this case is similar to the decree of March 9, 1935, in *Pioneer Mill Co.* v. *Ward* and the decree appealed from in *Green* v. *Fisk*. It appointed a commissioner to appraise the lands involved in the partition proceeding and to sell such lands at public auction in accordance with R.L.H. 1955, Ch. 337. It also directed the commissioner to report his appraisal to the court prior to the sale, and provided that the sale shall be subject to confirmation by the court. Clearly, the order is not final.

Rule 73(a) of Hawaii Rules of Civil Procedure provides that "A party may appeal from a judgment by filing with the circuit court a notice of appeal." That provision dispenses with the necessity of obtaining an allowance from the circuit judge in the case of an appeal from a final judgment. (7 Moore's *Federal Practice*, § 73.02[2]; 3A Barron and Holtzoff, *Federal Practice and Procedure*, § 1551; *Penfield Co.* v. *Securities & Exchange Commission*, 330 U.S. 585, 589.) It, thus, supersedes the requirement of allowance of appeal from a final judgment in the first paragraph of R.L.H. 1955, § 208-3.

But rule 73(a) also contains the following provision: "If the order or judgment appealed from is appealable only upon the allowance of the appeal by the court entering it, any application for such allowance must be made within 10 days after entry thereof and the appeal taken within 10 days after the allowance is granted." That provision is not found in the corresponding Federal rule. It has reference only to the requirement of allowance in the case of an appeal from an interlocutory order, mentioned in the second paragraph of R.L.H. 1955, § 208-3. An appeal from an interlocutory order is not a matter of right but is a matter that rests within the discretion of the circuit judge. For that reason, the requirement of allowance remains.

Under rule 7(b)(1) of Hawaii Rules of Civil Procedure, "An application to the court for an order shall be by motion which, unless made during a hearing or trial, shall be made in writing, shall state with particularity the grounds therefor, and shall set forth the relief or order sought." Appellant did not file a written

motion with the circuit judge for allowance of the appeal from the order of April 6, 1959. He says that he made an oral request for such allowance. If he made such request, it was not made during a hearing or trial and did not comply with rule 7(b)(1).

Appellees' motion to dismiss the appeal is granted.

*Frank D. Gibson, Jr., (Henshaw, Conroy & Hamilton)* for plaintiffs-appellees, for the motion.

*Richard C. Sutton* for himself, contra.