LAW LIBRARY

**NOT FOR PUBLICATION IN WEST'S HAWAI'I REPORTS AND PACIFIC REPORTER**

NO. 30089

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

MARGARET H. BEDELL,
Plaintiff/Counterclaim-Defendant/Appellee,

v.

LUCINDA LOPEZ BARTHOLOMEW, formerly known as
LUCINDA WHITTEMORE-LOPEZ, LUCINDA LOPEZ and LINDA LOPEZ
BARTHOLOMEW, Defendant/Counterclaim-Plaintiff/Appellant

APPEAL FROM THE CIRCUIT COURT OF THE SECOND CIRCUIT
(CIVIL NO. 08-1-0229)

ORDER DISMISSING APPEAL FOR LACK OF JURISDICTION
(By:  Foley, Presiding Judge, Fujise and Leonard, JJ.)

Upon review of the record in this case, it appears that we lack jurisdiction over the appeal that Defendant/Counterclaim-Plaintiff/Appellant Lucinda Lopez Bartholomew, formerly known as Lucinda Whittemore-Lopez, Lucinda Lopez and Linda Lopez Bartholomew (Appellant), has asserted from the Honorable Joseph E. Cardoza's August 26, 2009 "Amended Order Granting in Part/Denying in Part Plaintiff's Motion for Summary Judgment (the August 26, 2009 amended interlocutory order) because the circuit court has not reduced the August 26, 2009 amended interlocutory order to a separate, appealable final judgment, and, thus, Appellant's appeal is premature.

Hawaii Revised Statutes (HRS) § 641-1(a) (1993 & Supp. 2009) authorizes appeals to the intermediate court of appeals only from final judgments, orders, or decrees. Appeals under HRS § 641-1 "shall be taken in the manner . . . provided by the rules of the court." HRS § 641-1(c). Rule 58 of the Hawai'i Rules of Civil Procedure (HRCP) requires that "[e]very judgment shall be set forth on a separate document." Based on HRCP Rule 58, the Supreme Court of Hawai'i has held that "[a]n appeal may be taken . . . only after the orders have been reduced to a judgment and the judgment has been entered in favor of and against the

1

appropriate parties pursuant to HRCP [Rule] 58[.]" Jenkins v. Cades Schutte Fleming & Wright, 76 Hawai'i 115, 119, 869 P.2d 1334, 1338 (1994). "An appeal from an order that is not reduced to a judgment in favor or against the party by the time the record is filed in the supreme court will be dismissed." Id. at 120, 869 P.2d at 1339 (footnote omitted).

The circuit court has not yet entered a separate final judgment that resolves all of the claims in this case. Therefore, absent an exception to the general rule requiring a final judgment for an appeal, Appellant's appeal is premature, and we lack appellate jurisdiction.

Although exceptions to the final judgment requirement exist under the Forgay doctrine and the collateral order doctrine, the August 26, 2009 amended interlocutory order does not satisfy all of the requirements for appealability under the Forgay doctrine or the collateral order doctrine. See Ciesla v. Reddish, 78 Hawai'i 18, 20, 889 P.2d 702, 704 (1995) (regarding the two requirements for appealability under the Forgay doctrine and Forgay v. Conrad, 47 U.S. 201 (1848)) and Abrams v. Cades, Schutte, Fleming & Wright, 88 Hawai'i 319, 322, 966 P.2d 631, 634 (1998) (regarding the three requirements for appealability under the collateral order doctrine). We note that the August 26, 2009 amended interlocutory order appoints a commissioner and directs the sale of the real estate that is the subject of Plaintiff/ Counterclaim-Defendant/Appellee Margaret H. Bedell's (Appellee) complaint for partition. The August 26, 2009 amended interlocutory order directly addresses the merits of Appellee's complaint for partition, and, thus, the August 26, 2009 amended interlocutory order does not qualify as a collateral order. Furthermore, the August 26, 2009 amended interlocutory order does not require the immediate execution of a command that the subject property be delivered to Appellant's adversary, Appellee, as the Forgay doctrine requires. Under similar circumstances in a prior appeal, the Supreme Court of Hawai'i granted a "mo[tion] to dismiss the appeal . . . from an order appointing [a] commissioner, directing appraisal and sale, entered by the circuit judge on April 6, 1959, in a partition proceeding[.]"

Cooke Trust Company, Ltd. v. Ho, 43 Haw. 243, 243 (1959).

> [The appealed order] appointed a commissioner to appraise the lands involved in the partition proceeding and to sell such lands at public auction in accordance with R.L.H. 1955, Ch. 337.  It also directed the commissioner to report his appraisal to the court prior to the sale, and provided that the sale shall be subject to confirmation by the court. Clearly the order is not final.

Id. at 245.  Similarly in the instant case, the August 26, 2009 amended interlocutory order appointed a commissioner in a partition proceeding, directed the sale of the subject property, and provided that the sale will be subject to confirmation by the circuit court.  Likewise, the August 26, 2009 amended interlocutory order is not eligible for appellate review without a final judgment.

Finally, the circuit court has not certified August 26, 2009 amended interlocutory order for an interlocutory appeal pursuant to HRS § 641-1(b).  Therefore, August 26, 2009 amended interlocutory order is not appealable pursuant to HRS § 641-1(b).

Absent a separate, appealable, final judgment, Appellant's appeal is premature and we lack appellate jurisdiction.  Accordingly,

IT IS HEREBY ORDERED that Appeal No. 30089 is dismissed for lack of appellate jurisdiction.

DATED: Honolulu, Hawai'i, March 30, 2010.


Presiding Judge

Associate Judge

Associate Judge

3